CLARIBELLE D. SHATTUCK vs. WILLIAM S. RAND.

Suffolk.    March 25. — May 27, 1886.    W. ALLEN & HOLMES, JJ., absent.

In an action for personal injuries occasioned to the plaintiff by the falling of an hydraulic elevator in a building owned by the defendant, while the plaintiff was riding therein, the defendant offered evidence tending to show that, immediately after the accident, the builder of the elevator examined its machinery, valves, and connections, and found them in perfect order, and nothing broken or injured; and that he had examined the shut-off valve in the cellar from time to time, and had always found it in perfect order. The defendant called certain experts, who testified, in substance, that all appliances for safety in general use were connected with this elevator, and were in good order; that they had examined its machinery and connections, and found everything in good working order; that there were no appliances known to them to prevent air from getting into cylinders when the street pipe was opened, except such as were attached to this machine; that the closing of the shut-off valve in the cellar would have no effect on the running of the elevator, as the pipe between it and the cylinders would remain full of water all the time, whether closed or open, owing to the fact that the cellar pipe was lower than the street main; and that they did not consider that there was any danger to hydraulic elevators from opening the street mains. The defendant, among other things, asked the judge to instruct the jury that, "if the elevator had all known safety appliances, and the defendant had no knowledge or reasonable cause to believe that there was any danger from air coming from the street pipe, and an accident happened therefrom, he would not be liable, even if he had knowledge that the water was being shut off." The judge refused to give this instruction. Held, that the defendant had good ground of exception.

TORT for personal injuries occasioned to the plaintiff by the falling of an hydraulic elevator in a building in Boston owned by the defendant, while the plaintiff was riding therein. At the trial in the Superior Court, before *Rockwell*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*N. Morse & H. G. Allen*, for the defendant.

*W. Gaston & D. C. Linscott*, for the plaintiff.

GARDNER, J. The defendant offered evidence tending to show that, immediately after the accident, the builder of the elevator examined its machinery, valves, and connections, and found them in perfect order, and nothing broken or injured; and that he had examined the shut-off valve in the cellar from time to time, and had always found it in perfect order. The defendant called certain experts, who testified, in substance, that all appliances for safety in general use were connected with this

elevator, and were in good order; that they had examined its machinery and connections, and found everything in good working order; that there were no appliances known to them to prevent air from getting into cylinders when the street pipe was opened, except such as were attached to this machine; that the closing of the shut-off valve in the cellar would have no effect on the running of the elevator, as the pipe between it and the cylinders would remain full of water all the time, whether closed or open, owing to the fact that the cellar pipe was lower than the street main; and that they did not consider that there was any danger to hydraulic elevators from opening the street mains.

Among other prayers for instructions, the defendant requested the court to instruct the jury that, "if the elevator had all known safety appliances, and the defendant had no knowledge or reasonable cause to believe that there was any danger from air coming from the street pipe, and an accident happened therefrom, he would not be liable, even if he had knowledge that the water was being shut off." The court refused so to instruct the jury.

The defendant had introduced evidence tending to show that the fall of the elevator was not attributable to any negligence on his part, and that he was not responsible therefor, for the reasons assigned in his prayer for instructions. Although this prayer was defective in the form in which it was presented, it sufficiently informed the court of the law upon which he relied for defence. The attention of the jury should have been called to this claim of the defendant, and the law given them governing the case upon this evidence.

If the accident happened from the shutting off the water from the street main, and if there was nothing to put a man of reasonable intelligence and information on the watch to guard against the water being shut off, and if he did not know, and by the exercise of reasonable care on his part could not ascertain, that there was danger to the elevator by shutting off the water, then the defendant ought not to be held liable for the accident.

The general principles of law as to negligence were properly stated to the jury, but we think that the defendant was entitled to more specific instructions than those actually given. *Hunt* v. *Lowell Gas Light Co.* 1 Allen, 343.    *Shaw* v. *Boston & Worcester Railroad*, 8 Gray, 45.                    *Exceptions sustained.*