(32 Misc. Rep. 575.)

### SULLIVAN v. POOR et al.

(Supreme Court, Trial Term, New York County. October 26, 1900.)

MASTER AND SERVANT—DEATH BY FREIGHT ELEVATOR—LIABILITY OF MASTER.
　　Where an employer, on receiving possession of leased premises, had the elevator inspected by competent experts, who pronounced it safe, and such inspection was continued from time to time up to the occurrence of the accident, he is not liable for the death of an employé, while using such elevator, caused by unknown defects.

Action by Mary Sullivan, as administrator of her deceased husband, against Edward E. Poor and others, to recover for the death of her intestate, occasioned by defendants' negligence in respect to a freight elevator on their premises. Complaint dismissed.

Dunphy & Pearsall, for plaintiff.
Frank Vernon Johnson and Wm. H. Cohen, for defendants.

McADAM, J. The plaintiff's husband was employed by the defendants, and, among his other duties, he was required to operate a sidewalk freight elevator in taking goods to and from the basement and subcellar of the premises Nos. 19 and 21 Thomas street, in the borough of Manhattan, where the defendants carried on business as wholesale commission merchants. On September 29, 1899, while said employé was taking down a box of goods weighing about 400 pounds, part of the machinery became disarranged, and the platform upon which he was standing tipped, and threw him and the box into the subcellar of the building, as a result of which he sustained injuries that caused his death. The defendants did not own the building, nor did they con-

struct the elevator. They were mere tenants, to whom the use of the elevator had been transferred in connection with the premises they hired. It is impossible, therefore, to charge the defendants with improper construction, without evidence of knowledge, especially where the defects were not obvious upon careful inspection and examination. Upon receiving possession, the defendants had the elevator inspected by competent experts, who pronounced it safe. Such inspection was continued from time to time up to the occurrence of the accident. It would therefore seem that the defendants exercised the care of ordinary, prudent persons, which is the test in determining their liability. Assuming that the doctrine of res ipsa loquitur applies, the answer is that the defendants by uncontradicted evidence established freedom from personal negligence,—the gravamen of the action. In Biddiscomb v. Cameron, 35 App. Div. 561, 55 N. Y. Supp. 127, affirmed in 161 N. Y. 637, 57 N. E. 1104, the lower court said:

"The question presented is whether the defendants provided a reasonably safe appliance for the use of the deceased. The evidence shows that the elevator was of a construction in common use, and the safety appliances were such as ordinarily obtained in such structures. The defendants were not the insurers of the safety of the appliances provided by them, but they were bound to use reasonable diligence in providing safe appliances for the use of their employés. From the evidence it would seem that the clutch in question ought to have operated under the circumstances presented here. If, however, the defendants used reasonable care in seeing that these appliances were in order, the fact that they did not operate under the circumstances in which they might naturally have been supposed to do so does not make them liable for the injuries sustained. * * * The theory of the plaintiff, as stated by counsel, seems to be that a master must see that the place where his servant works, or the appliance with which the servant is provided, or the machine which he operates, is safe. We are not aware of any such rule which makes the master an absolute insurer of the safety of the appliance and of the place where his servant works. As has already been stated, he is bound to use reasonable care in this regard, and that is all the law requires."

There are many cases sustaining this general principle. Carlson v. Bridge Co., 132 N. Y. 273, 30 N. E. 750; Devlin v. Smith, 89 N. Y. 470; Burke v. Witherbee, 98 N. Y. 562; Probst v. Delamater, 100 N. Y. 266, 3 N. E. 184; Stringham v. Hilton, 111 N. Y. 188, 18 N. E. 870, 1 L. R. A. 483; Harley v. Manufacturing Co., 142 N. Y. 31, 36 N. E. 813; Sisco v. Railway Co., 145 N. Y. 296, 41 N. E. 90; Shattuck v. Rand, 142 Mass. 83, 7 N. E. 43.

If the action had been by a tenant or visitor of a tenant for injuries received while being carried up or down by the landlord's employé in charge of the elevator, a different question would be presented. We are dealing now with a freight elevator under the management of an employé who was killed while on one of the journeys he had contracted to make. It appears that one of the defendants had used this same elevator in safety on several occasions, though freight had been carried on it at the same time, so that the elevator must have appeared safe both to the decedent and the defendants. The plaintiff offered evidence that accidents had happened on the same elevator before the defendants received control of it; but the defendants had no notice thereof, so that these accidents cannot charge the defendants with knowledge of defective condition. The case, in all its

substantial features, resembles Hart v. Naumberg, 123 N. Y. 641, 25 N. E. 385, in which it was decided that defendants similarly situated were not liable for an accident occurring to an employé on a freight elevator.

It is impossible to find in the evidence any solid legal ground for holding the defendants liable for the misfortune that happened to the decedent, and for which his administratrix demands pecuniary compensation. The complaint must therefore be dismissed.