ALFRED SOOSERIAN *vs.* FRANK C. CLARK.

SAME *vs.* TOWN TAXI, INC.

Suffolk.    April 4, 1933. — June 25, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Negligence,* Contributory, In use of way.

At the trial of an action for personal injuries, the plaintiff testified that, intending to cross a street, on which two parallel lines of automobiles were parked on the side where he was, at a place where there was no cross walk, he walked to the rear of one of the automobiles parked in the farther line, whence he could see to his right down the street about twenty-five feet; that he then saw two lines of automobiles approaching from his right at a moderate rate of speed on the opposite

side of the street; that, as he was stepping out from behind the parked automobile and was "perhaps four feet" therefrom, he saw an automobile operated by the defendant ' flash right out" of the nearer line of approaching automobiles, travelling at a fast rate of speed; that it struck the plaintiff "at that instant"; that he had not previously seen the defendant's automobile; and that he heard no horn sounded. There also was evidence that the defendant's automobile turned out of line about fifty or sixty feet from the plaintiff and proceeded toward him at twenty-five to thirty-five miles an hour and about three feet from the line of parked automobiles nearer to it; and that when it stopped after striking the plaintiff it was on its left side of the street. *Held,* that it could not properly have been ruled as a matter of law that the defendant had sustained the burden of proving the plaintiff guilty of contributory negligence.

Two ACTIONS OF TORT. Writs dated, respectively, March 14, 1929, and April 1, 1929.

The actions were tried together in the Superior Court before *Thayer,* J. Material evidence is stated in the opinion. In each action, the judge denied a motion that a verdict be ordered in the defendant's favor, there was a verdict for the plaintiff in the sum of $2,700, and the defendant alleged an exception.

*R. S. Teeling,* (*F. R. Murphy* with him,) for the defendants.
*R. J. Walsh,* for the plaintiff.

FIELD, J. These are two actions of tort, tried together, to recover compensation for personal injuries received by the plaintiff when he was struck by a taxicab owned by the defendant Town Taxi, Inc., and operated by the defendant Clark. It was admitted that at the time of the accident the individual defendant, as agent of the corporate defendant, was operating the taxicab on its business. Motions for directed verdicts on the grounds that there was no evidence of negligence of the defendants and that upon all the evidence the plaintiff was not in the exercise of due care and his negligence contributed to the accident were denied, and the defendants excepted. There were verdicts for the plaintiff against both defendants. The defendants waived their exceptions to the denial of directed verdicts on the ground that there was no evidence of the defendants' negligence.

The motions for directed verdicts were denied rightly.

It could not have been ruled as matter of law that on the testimony of the plaintiff, by which he is bound except as he is entitled to the benefit of any more favorable explanation of the accident presented by the evidence, the burden resting on the defendants of proving contributory negligence on the part of the plaintiff had been sustained.  G. L. (Ter. Ed.) c. 231, § 85.  *Joughin* v. *Federal Motor Transportation Co.* 279 Mass. 408, 409.

The accident occurred on October 22, 1928, at about 10:30 A.M., when the plaintiff was attempting to cross from west to east and the taxicab was travelling north on Tremont Street, in Boston, between Boylston Street on the south and Park Street on the north.   The plaintiff's automobile was parked in a line of automobiles headed south on the west or Common side of the street, and another line of automobiles headed south had stopped parallel to the first line with the rear end of the last automobile in that line about opposite the front wheels of the plaintiff's automobile.   The plaintiff testified that he knew that "there were automobiles coming and going in great numbers there."   He testified that he alighted from his automobile and stepped on the sidewalk.   "He walked to the outer side of his car at its rear, looking towards his left;  then he looked to his right and saw the back of the car parked in the second line.  He got up to a line with the back of that car and was still looking to his right towards Boylston Street and on an angle, and he could see down about twenty-five feet, and then he noticed that there were two lines of cars coming up toward Park Street on the other side of the street.   They were moving along at a moderate rate of speed, fifteen to eighteen miles an hour.   Just about that time he saw another car flash right out and make a third line and he was struck at that instant.   The car was travelling so fast that he couldn't estimate the speed in miles an hour.   He had gone about a step from the first line and was in the act of taking a second step, perhaps four feet from the second line.   He heard no horn."   The plaintiff "looked to the right . . . and then . . . got struck, just in the matter of a second

or a second and a half." The automobile "that hit him came away over to the left of Tremont Street coming north, and took a wide turn; and he hadn't seen it before at all." There was other testimony that the taxicab pulled out of the left line of motor vehicles moving north about fifty or sixty feet from the plaintiff's automobile, and travelled between twenty-five and thirty-five miles an hour with about three feet between it and the line of motor vehicles headed south and when it stopped after striking the plaintiff was "on the left of the middle of the street, going north."

The plaintiff had a legal right to cross the street elsewhere than at a cross walk if he exercised the requisite care in doing so. *Ristuccia* v. *Boston Elevated Railway,* 283 Mass. 529. And he was entitled to rely to some extent on the individual defendant's using due care in operating a taxicab. *Boni* v. *Goldstein,* 276 Mass. 372, 376, and cases cited. It cannot be said as matter of law that the plaintiff failed to exercise due care by not looking to see if a motor vehicle was approaching, or, if he looked, looked carelessly, or that he failed to exercise due care with respect to the two lines of motor vehicles travelling north, or by not anticipating and guarding against the risk that a motor vehicle might cut out of one of the lines of motor vehicles moving north and proceed at such great speed and so near the motor vehicles headed south as could have been found on this evidence. *Martin* v. *Florin,* 273 Mass. 13, 15. See *Jean* v. *Nester,* 261 Mass. 442. This is not a case where the evidence required a finding that a pedestrian without looking, or looking carelessly, came out suddenly from behind an obstruction in front of a motor vehicle travelling in a course which should have been expected by the pedestrian. Compare *Hughes* v. *Iandoli,* 278 Mass. 530, 535. The question of the plaintiff's due care was one of fact to be determined by the jury. *McGuiggan* v. *Atkinson,* 278 Mass. 264.

*Exceptions overruled.*