DOROTHY S. SMITH *vs.* JOSEPH L. BROWN.

Hampden.    November 2, 1937. — March 1, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Negligence*, Contributory, Motor vehicle.  *Evidence*, Foreign law, Judicial notice.

Unless material law of another State is brought to the attention of this court by record or briefs, they are not required to take judicial notice of it under G. L. (Ter. Ed.) c. 233, § 70.  Per FIELD, C.J.

Under the law of Connecticut brought to the attention of this court, the evidence at the trial of an action here for personal injuries sustained by a woman in Connecticut when an automobile operated by her husband, beside whom she was sitting, on a very rainy and windy night collided with the rear of an unlighted motor truck which she did not see before the collision, did not require a finding of contributory negligence on her part.

TORT.    Writ in the Superior Court dated February 6, 1934.

Before *Broadhurst*, J., a verdict was returned for the plaintiff in the sum of $1,000.

The case was submitted on briefs.

*A. R. Simpson, C. R. Clason, & G. J. Callahan*, for the defendant.

*H. A. Moran*, for the plaintiff.

FIELD, C.J.    This is an action of tort to recover compensation for personal injuries sustained by the plaintiff when the automobile in which she was riding collided with a motor truck in the State of Connecticut.  The case

comes before us on the exception of the defendant to the denial of a motion for a directed verdict in his favor. The only contention argued by him is that such a verdict should have been directed on the ground of the contributory negligence of the plaintiff. There was no error in this respect.

Since the case was brought in this Commonwealth its law — the law of the forum — governs matters of procedure and the familiar rules apply that the burden of proving contributory negligence is on the defendant, that a verdict cannot be directed for the defendant on this ground unless the evidence as matter of law required a finding of such negligence, and that the plaintiff is bound by her own testimony except as there is other evidence more favorable to her (see G. L. [Ter. Ed.] c. 231, § 85; *Sooserian* v. *Clark*, 287 Mass. 65, 67), but the question whether the facts bearing on the plaintiff's conduct required to be found on the evidence show as matter of law that she was guilty of contributory negligence is a question of substantive law to be determined by the law of Connecticut — the place where the collision occurred. *Levy* v. *Steiger*, 233 Mass. 600. It is provided by G. L. (Ter. Ed.) c. 233, § 70, that the court shall take judicial notice of the law of another State, but we are not required to take judicial notice of the law of another State except as it is brought to our attention by the record or the briefs. *Bradbury* v. *Central Vermont Railway*, 299 Mass. 230, 234, and cases cited. Several Connecticut decisions have been brought to our attention.

Evidence upon which the plaintiff relies to show negligence of the defendant tended to show that the automobile in which the plaintiff was riding — which was being operated by her husband — struck the defendant's motor truck which was standing, without its tail light being lighted, on the right hand side of the highway. No contention is now made by the defendant that under Connecticut law it could not have been found that the defendant was negligent and we do not discuss this issue. The defendant's contention is, in substance, that the plaintiff failed to exercise due care for her own safety, as the result of which failure the collision occurred and she was injured.

Material testimony of the plaintiff was as follows: The accident occurred at night "in the neighborhood of quarter of eleven to eleven o'clock." It "was raining and blowing very hard." She was riding on the front seat of the automobile with her husband. She had "driven a car for twelve years." The automobile was on the right hand side of the road travelling about thirty miles an hour. There was no windshield wiper on her side of the automobile, but she could "see through the windshield without the wiper." She "could have seen a light ahead . . . half the distance of the width of court room" or "perhaps two thirds." If "we put our brakes on right away we could stop quickly." Just before the accident she was "looking ahead, watching the road, and did not see anything at all." She "did not see the truck."

As we understand the law of Connecticut, as disclosed by the cases which have been brought to our attention, the evidence binding upon the plaintiff did not require a finding that she was guilty of contributory negligence. There is nothing in the case to suggest negligence on her part, unless it be her failure to see the motor truck and warn her husband about it. And even if he was negligent in failing to see the motor truck in time to avoid striking it, it would not follow that the plaintiff was negligent. We quote from Connecticut cases brought to our attention. In *Clarke* v. *Connecticut Co.* 83 Conn. 219, where a wife was riding in an automobile operated by her husband, it was said that "His negligence must have been so gross and so apparent that she was bound to know of it in order to make her chargeable with it." Page 227. As was recognized in *Bushnell* v. *Bushnell*, 103 Conn. 583, the facts must establish an "obligation upon her part to exercise an oversight as to the way in which the automobile was being operated, [or] to keep a lookout for impending danger." Page 593. In *Boscarello* v. *New York, New Haven & Hartford Railroad*, 112 Conn. 279, 283, it was said, "While ordinarily . . . [a passenger in an automobile] is under no duty to look out for or guard against possible dangers, there are circumstances in which reasonable care on his

part requires that he do so. These circumstances may arise out of the manner in which the automobile is being operated, but only if the negligence of the driver is so apparent and gross that the passenger is bound to know it." There is nothing in the evidence binding on the plaintiff which, as matter of law, brings her within these principles. It could not have been ruled as matter of law that she was bound to know that her husband was operating the automobile so negligently that it was her duty to exercise an oversight of such operation or keep a lookout for impending danger. We do not intimate, however, that even if the plaintiff had such a duty it could have been ruled that she failed to perform it. We find nothing in the Connecticut decisions that have been brought to our attention which requires a different conclusion from that here reached.

*Exceptions overruled.*