RICHARD W. BEEBE *vs.* META B. RANDALL.

SUSIE A. BEEBE *vs.* SAME.

Berkshire.    September 19, 1939. — October 26, 1939.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Negligence*, Motor vehicle, Contributory. *Evidence*, Presumptions and burden of proof.

A plaintiff who gave testimony unfavorable to himself respecting the course taken by his automobile was entitled to the benefit of contrary testimony given by another witness called by him.

A ruling of contributory negligence of a plaintiff was not required by evidence of the circumstances of a collision which occurred when an automobile operated by the defendant on a three lane highway was turned from his right hand lane into the center lane, proceeded thereon some distance and then was turned across his left hand lane when an automobile operated by the plaintiff in the opposite direction in that lane was only twenty-five feet away.

Two ACTIONS OF TORT. Writs in the District Court of Central Berkshire dated August 18, 1936.

Upon removal to the Superior Court, the actions were tried before *Broadhurst*, J. There were verdicts for the plaintiffs in the sums of $1,400 and $825, respectively. The defendant alleged exceptions.

*M. B. Warner*, for the defendant.

*J. N. Alberti*, for the plaintiffs.

Cox, J. The jury returned verdicts for the plaintiffs, husband and wife, for damages sustained when the automobile that was being operated by Mrs. Beebe, with her husband sitting beside her on the front seat, collided with an automobile operated by the defendant. The collision occurred in this Commonwealth on August 17, 1936, at about 7:45 o'clock in the evening, "Eastern Daylight Time," on the three lane concrete road between Pittsfield and Albany. It was daylight and the surface of the road was dry. From the point of collision there is an unobstructed view easterly along the highway toward Pittsfield for about eight hundred feet, and to the west for about five hundred feet. There is a motorists' camp on the northerly side of the road adjoining the place where the collision occurred, a narrow entrance to which is "just westerly" of the approach and parking space in front of the camp restaurant. The plaintiffs were travelling west, toward Albany, on their right hand lane and collided with the defendant's automobile as it was entering this lane. The jury could have found that when the Beebe automobile, travelling at a speed of approximately thirty-five miles an hour, was about one hundred fifty feet from the point of collision, the defendant, who was travelling toward Pittsfield, turned from the south, or eastbound lane, and, proceeding at an angle of approximately forty-five degrees, entered the middle lane, where she continued on in a straight line "as though it [the defendant's automobile] were going right on toward Pittsfield a distance of four times its own length," and then turned into the westbound lane when the Beebe automobile was within twenty to twenty-five feet. When Mrs. Beebe saw the defendant turn from the eastbound lane

into the middle lane she "slowed down" her automobile and, when the defendant turned into the westbound lane, Mrs. Beebe applied her. brakes and turned to her left "apparently to try to avoid the Randall car." The collision occurred when the defendant's automobile was partly in the middle and partly in the westbound lanes, so that the automobiles "substantially blocked" the latter lane, with the defendant's automobile three feet from the northerly edge of the concrete. There were no other automobiles on the road within the range of vision at the moment of collision. After the collision the defendant stated that she did not know how it happened except that she was making a left turn to go into the camp grounds; that she did not know where the Beebe automobile had come from, and that she did not see it prior to the moment of the collision. She testified that the Beebe automobile was about fifty feet away from her when she started to go into the westbound lane. The defendant duly filed a motion in each case for a directed verdict, whereupon the trial judge asked her counsel to state his grounds for the motions. Counsel replied, "The grounds are that upon the evidence, which as far as I can recall was undisputed, the plaintiff Beebe, driving the car, was negligent in failing to apply the brakes or avoid the collision by going to the left in a three lane road; that the plaintiff Beebe, Susie, had the last clear chance to avoid the accident and negligently failed to avoid the accident." The motions were denied and the defendant excepted.

The only issue in the cases is whether verdicts should have been ordered for the defendant upon the grounds stated. *Guidi* v. *Great Barrington*, 272 Mass. 577, 579. See *Parrot* v. *Mexican Central Railway*, 207 Mass. 184, 190; *Krasnow* v. *Krasnow*, 253 Mass. 528; *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 111, and cases cited.

It could not have been ruled rightly that the defendant had sustained the burden of proving that Mrs. Beebe was contributorily negligent. Ordinarily where a collision occurs between travellers upon a highway, the issues of contributory negligence on the part of the plaintiff and of negligence

of the defendant are for the jury. *White* v. *Calcutt*, 269 Mass. 252, 255. *Minnehan* v. *Hiland*, 278 Mass. 518, 522. The defendant contends, however, that there was contributory negligence on the part of Mrs. Beebe upon her own testimony, by which, it is contended, she is bound. Mrs. Beebe testified that she applied her brakes and turned left when the defendant started to turn into the westbound lane, and that she tried to avoid a collision. Upon cross-examination, she also testified that she turned her automobile to the left. She was then asked if she could tell in what direction her automobile was travelling just the second or the moment before the collision, and she replied, "I was travelling west." She was then asked to indicate the movements of both automobiles; she did this upon the board, apparently making use of toy automobiles. In the course of this illustration she said, "The cars are too long." She was then asked, "But as you have got that car of yours, the moment before it was contacted, you were travelling directly in this lane toward the west. Going right straight, as you head it, you would have gone right up the street that way (indicating). Is that right?" and Mrs. Beebe answered, "Yes, sir." The judge then said, "Is that what you say?" to which she answered, "Yes, sir." The defendant contends from this that Mrs. Beebe adopted as the truth her ultimate statement that at the moment before the collision her automobile was proceeding directly west, and that inasmuch as she had also testified without contradiction, that when she first saw the defendant turn into the westbound lane she thought there would be a collision if she continued on in the same direction in which she was then travelling, a ruling was required that she was contributorily negligent.

It need not be decided whether if this evidence stood alone it would require such a ruling. A witness called by the plaintiff testified that the Beebe automobile "turned and swerved to the left, apparently to try to avoid the Randall car," that the "Beebe car swerved or travelled toward the left." This witness also testified that he saw the defendant's automobile from the time it turned to

enter the middle lane, where it travelled for a considerable distance, up to and including the moment of the collision. Mrs. Beebe was entitled to the benefit of this testimony although it may have differed from her own. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 167, and cases cited. Even though Mrs. Beebe may have been bound by her testimony as to what she thought (*Laffey* v. *Mullen*, 275 Mass. 277, 278, *Germaine* v. *Boston & Albany Railroad*, 298 Mass. 501, 504) yet there is nothing in that testimony, taken by itself, that required a ruling that she was contributorily negligent.

Although one of the grounds of the defendant's motions was that Mrs. Beebe had the last clear chance to avoid the accident and negligently failed to do so, she has presented an argument that Mrs. Beebe cannot recover on any theory that the defendant had the last clear chance to avoid the accident. We are aware of no case wherein the doctrine of the last clear chance has been adopted in this Commonwealth (see *Fratto* v. *Boston Elevated Railway*, 230 Mass. 388, at page 391). In the case at bar the jury well may have concluded that upon the facts disclosed there was no chance in the case except that of an inevitable collision where the defendant turned her automobile into the pathway of the oncoming Beebe automobile when the latter was only twenty or twenty-five feet away. Furthermore, the defendant did not specify as a ground of her motions that the defendant was not negligent.

The facts presented a question for the jury. *Rice* v. *Lowell Buick Co.* 229 Mass. 53. *Coates* v. *Bates*, 265 Mass. 444, 448, 449. *Murray* v. *Indursky*, 266 Mass. 220, 223, 224. *Harrington* v. *Cudahy Packing Co.* 273 Mass. 15, 18. *Podwapinska* v. *Teixeira*, 277 Mass. 366, 368, 369. Compare *Leonard* v. *Conquest*, 274 Mass. 347, 352.

The defendant has argued that Mr. Beebe cannot recover on the ground that he was contributorily negligent. From what has already been said this question is not open, but, if it were, our conclusion would be that it was one for the jury. *Bessey* v. *Salemme*, 302 Mass. 188.

*Exceptions overruled.*