HAZEL BARNES MURPHY *vs.* WAYNE SMITH.

Hampshire.    September 18, 1940. — October 29, 1940.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Conflict of Laws. Practice, Civil,* Auditor: findings. *Evidence,* Presumptions and burden of proof.

While the law of another State where a personal injury was sustained is determinative of the question, whether, upon facts found at the trial of an action brought in this Commonwealth to recover for such injuries, the defendant is liable, the law of this Commonwealth governs matters of procedure leading up to the findings of the determinative facts, including questions as to the burden of proof.

Even if testimony of the plaintiff at the trial of an action in this Commonwealth for personal injuries sustained in another State would have required a ruling, if there were no other evidence, according to the law of that State that he was guilty of contributory negligence, if such testimony was not as to facts of which he alone had knowledge and there also was in evidence a report of an auditor with an ultimate finding of no contributory negligence, not based solely on his reported subsidiary findings and not inconsistent therewith, that issue should have been submitted to the jury.

TORT.    Writ in the Superior Court dated January 22, 1935.

The action was tried before *T. J. Hammond,* J., and a verdict for the plaintiff in the sum of $1,975 was recorded with leave reserved.    The judge ordered a verdict for the defendant entered.    The plaintiff alleged exceptions.

The case was submitted on briefs.

*E. L. O'Brien & W. W. O'Donnell,* for the plaintiff.

*D. D. O'Brien,* for the defendant.

FIELD, C.J.    This is an action of tort to recover compensation for personal injuries alleged to have been sustained by the plaintiff, while riding in an automobile operated by the defendant, by reason of the negligence of the defendant. The case was referred to an auditor whose findings of fact were not to be final.    The auditor filed a report.    The case was then tried to a jury upon the auditor's report and other

evidence, including the testimony of the plaintiff and of the defendant. The jury returned a verdict for the plaintiff. The defendant moved for the entry of a verdict for him under leave reserved. Upon this motion the judge ruled as follows: "I rule that under the law of the State of New York which is applicable in this case the plaintiff, according to her own testimony, was not in the exercise of due care. That the plaintiff was herself negligent and her negligence contributed to the injuries she received. Verdict for the defendant is to be entered under leave reserved." A verdict for the defendant was entered. The plaintiff excepted.

The accident occurred in the State of New York, and consequently in matters of substantive law the case is governed by the law of that State. *Smith* v. *Brown*, 302 Mass. 432, 433. The auditor found "that the defendant . . . was guilty of gross negligence." According to the subsidiary findings of the auditor the defendant, operating an automobile, in which the plaintiff was riding, on a wet highway in the city of New York, between three and four o'clock in the morning of November 29 — the weather being "misty and somewhat foggy" — at a speed between thirty-five and forty-five miles an hour, without slowing down or applying his brakes, swung his automobile to the left to pass another automobile and "almost immediately" saw a pier supporting the elevated structure in front of him, and then swung sharply to the left to avoid the pier, but struck the pier with such force that the plaintiff was thrown out and injured. The auditor found also that the plaintiff, who was sitting at the right of the defendant, "had on three different occasions requested the defendant to slow down because she thought he was driving too rapidly," and "on each occasion the defendant did slow down but later on increased his speed again." The auditor made no other subsidiary findings in regard to the plaintiff's conduct. The defendant makes no contention that the evidence did not warrant a finding of negligence on his part sufficient to support a verdict against him under the law of the State of New York. But the defendant contends

that recovery by the plaintiff was barred by her contributory negligence, in accordance with the ruling of the trial judge to that effect, which obviously was the ground upon which a verdict was entered for the defendant.

Since the case was tried in this Commonwealth, though the accident occurred in the State of New York, the law of this Commonwealth — the law of the forum — "governs matters of procedure and the familiar rules apply that the burden of proving contributory negligence is on the defendant, that a verdict cannot be directed for the defendant on this ground unless the evidence as matter of law required a finding of such negligence, and that the plaintiff is bound by her own testimony except as there is other evidence more favorable to her (see G. L. [Ter. Ed.] c. 231, § 85; *Sooserian* v. *Clark*, 287 Mass. 65, 67)." *Smith* v. *Brown*, 302 Mass. 432, 433. See also *Levy* v. *Steiger*, 233 Mass. 600–601; *Gould* v. *Boston & Maine Railroad*, 276 Mass. 114, 117. And the effect, as evidence, of an auditor's report introduced at the trial of the case to a jury is governed by the law of the forum.

The trial judge could not rightly have entered a verdict for the defendant unless the evidence in the case required as matter of law a finding that the plaintiff was guilty of contributory negligence. The evidence did not as matter of law require such a finding.

The auditor found "that the plaintiff was in the exercise of due care and that there was nothing she could have done, in addition to what she tried to do, to prevent the accident; that her injuries were caused solely by the defendant's negligence; and that she was not guilty in any sense of contributory negligence." These findings, in the nature of ultimate findings, do not purport to be based solely upon the auditor's subsidiary findings. There are, moreover, no subsidiary findings so necessarily inconsistent with these ultimate findings that as matter of law the subsidiary and ultimate findings cannot stand together. There is nothing in the record to show that the ultimate findings were based on an erroneous view of the law of the State of New York. The ultimate findings, therefore, constitute some evidence

that the plaintiff was in the exercise of due care — was not guilty of contributory negligence. See *Cook* v. *Farm Service Stores, Inc.* 301 Mass. 564, 567.

The applicable law of the State of New York — so far as it has been brought to our attention, see *Smith* v. *Brown*, 302 Mass. 432, 433 — as stated in *Nelson* v. *Nygren*, 259 N. Y. 71, 75–76, is as follows: "In the last analysis, the rule governing a guest riding in an automobile is that he should conduct himself as an ordinarily prudent person would, under like circumstances. If he does he cannot be held negligent as a matter of law. Following the language adopted in the days of the stage coach and other horse-drawn vehicles, courts often add that he should call attention to apprehended danger, protest against fast driving, leave the automobile if it could be done with safety or demand that it be stopped and then get out of it. Such statements are only illustrations of what a reasonably prudent person might do under the circumstances. They do not constitute a legal standard of what a reasonably prudent person must do. The question is not whether the guest should protest against fast driving, call attention to apprehended danger, or demand that the car be stopped so that he could get out. The legal question is whether, under the circumstances, he acted with the care that a reasonably prudent man would have used under the circumstances." Compare *Gallup* v. *Lazott*, 271 Mass. 406, 409–410.

The plaintiff testified at the trial before the jury in considerable detail with respect to the circumstances of the accident, including her own conduct and that of the defendant. Her testimony was to the effect that for about seven or eight minutes before the accident the automobile was travelling at a speed between forty and forty-five miles an hour, that during this period "she could see the elevated posts on the side" of the highway, and she "didn't recall saying anything to the defendant," and that she "knew the defendant was travelling at a dangerous rate of speed," and thought "it was dangerous to be so close to that car ahead." It is, however, unnecessary to determine whether as matter of law, according to her testimony, considered

by itself, she was not in the exercise of due care. She was bound by her own testimony as matter of law only if there was no other evidence more favorable to her. If there was such other evidence the jury "were not bound to accept the plaintiff's version of the way in which the injury happened. Her evidence did not have the effect of an admission that the accident happened as testified by her nor did it estop her from claiming that it happened in a different way." *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163, 165–166. See *Sooserian* v. *Clark*, 287 Mass. 65, 67; *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, 167; *Baker* v. *Hemingway Brothers Interstate Trucking Co.* 299 Mass. 76, 78. See also *Horneman* v. *Brown*, 286 Mass. 65, 70–71. This principle, however, is subject to some limitation where the plaintiff's testimony relates to her knowledge and her feelings — where such matters are material. See *Laffey* v. *Mullen*, 275 Mass. 277, 278; *Butler* v. *Graves*, 284 Mass. 84, 85; *Germaine* v. *Boston & Albany Railroad*, 298 Mass. 501, 504. Compare *Baker* v. *Hemingway Brothers Interstate Trucking Co.* 299 Mass. 76, 78; *Beebe* v. *Randall*, 304 Mass. 207, 211. The general principle is not limited to more favorable evidence in the form of testimony. The plaintiff was entitled to the benefit of evidence in the form of findings of the auditor that were more favorable to her than her own testimony. *Adams* v. *Dick*, 226 Mass. 46, 52. The broad statement in *Brooks* v. *Davis*, 294 Mass. 236, 238, that a general finding for the plaintiff in an auditor's report warranted a verdict for the plaintiff "unless this general finding was necessarily inconsistent with other findings in the report or with evidence outside the report binding on the plaintiff" is not to be construed as meaning that the evidential value of such a general finding is destroyed as matter of law by testimony of the plaintiff, which, under the general principle stated, is "binding on the plaintiff" only in the absence of evidence more favorable to the plaintiff. Compare *Epstein* v. *Simco Trading Co. Inc.* 297 Mass. 282, 283.

While it is at least doubtful whether under the law of the State of New York the testimony of the plaintiff, considered

by itself, required a finding that she was not in the exercise of due care, there was evidence at the trial to the jury more favorable to her. The ultimate findings of the auditor above set forth constitute such evidence. These findings import findings of subsidiary facts — not necessarily inconsistent with the express findings of subsidiary facts — sufficient to support these ultimate findings (*Carroll* v. *Carroll*, 188 Mass. 558, 559, *Adams* v. *Dick*, 226 Mass. 46, 53, *Bendslev* v. *Lovell*, 235 Mass. 133, 135, *Rosenblum* v. *Ginis*, 297 Mass. 493, 496), showing that the accident happened in such a way, even if different from that described by the plaintiff, that she was without fault. The plaintiff was entitled to the benefit, as evidence to be weighed by the jury with other evidence, of such implied findings of subsidiary facts, as well as of the express finding that "there was nothing . . . [the plaintiff] could have done, in addition to what she tried to do, to prevent the accident." Even though she may have been bound by her testimony as to what she thought with respect to the danger of the defendant's manner of operating the automobile, there was nothing in that testimony, considered in the light of the other evidence more favorable to her, that required a ruling that she was guilty of contributory negligence. See *Beebe* v. *Randall*, 304 Mass. 207, 211.

There was, therefore, a question of fact for the jury on the issue of the plaintiff's contributory negligence, and it was error for the judge to enter a verdict for the defendant under leave reserved. It follows that the verdict entered by the judge must be set aside, the verdict returned by the jury entered and judgment thereon entered for the plaintiff.

*So ordered.*