PHILLIP L. GREGORY *vs.* MAINE CENTRAL RAILROAD COMPANY.

Suffolk.    November 8, 1944. — February 6, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Negligence,* Railroad: spur track; Contributory; Assumption of risk; Last clear chance; Employer's rule. *Evidence,* Presumptions and burden of proof. *Conflict of Laws. Practice, Civil,* Requests, rulings and instructions.

Evidence of the circumstances in which a railroad locomotive, backing on a spur track inside a large, well lighted and noisy building under construction, struck an invitee of the owner of the building working within the rails of the track, who received no warning of the approach of the locomotive in time to escape being struck, warranted a finding of negligence of the railroad corporation and did not as matter of law require a finding of contributory negligence or voluntary assumption of risk on the part of the injured person.

In an action in Massachusetts for personal injuries sustained through operation of a railroad locomotive in Maine, the law of Maine determined the question of substantive law, what conduct of the plaintiff constituted contributory negligence; but the Massachusetts statute, G. L. (Ter. Ed.) c. 231, § 85, casting the burden of proof of contributory negligence on the defendant, was applicable as a matter of procedure, and the law of Massachusetts governed the determination of the further procedural question, whether the evidence required a find-

ing as matter of law that the plaintiff had been guilty of such conduct under the law of Maine.

Requests for rulings, by which the defendant in an action for negligence sought to obtain rulings as to particular parts of his whole conduct involved in the plaintiff's injury or as to the conduct of specified employees of the defendant involved therein, were properly refused under the rule that a trial judge cannot be required to comment on or emphasize or make a ruling of law on an inconclusive fragment of the evidence or subsidiary facts bearing on an issue.

Statement by LUMMUS, J., of the doctrine of the "last clear chance" in the law of Maine.

It could not properly have been ruled that the doctrine of the "last clear chance" was not applicable on the evidence at the trial of an action involving an injury to the plaintiff through being struck by a backing railroad locomotive while he was working between the rails of a spur track in Maine.

At the trial of an action for negligence resulting in injury to the plaintiff in Maine, the defendant, who had the burden of proving contributory negligence on the part of the plaintiff, also had the incidental burden of proving that the plaintiff, if found negligent, was not entitled to the benefit of the doctrine of the "last clear chance."

If due care on the part of a railroad corporation toward one on its track required that a trainman should ride on the tender of a backing locomotive, the corporation might be found wanting in due care through not having a trainman there notwithstanding that one of its rules stated that no employee should ride on the "leading end of a moving engine."

TORT.   Writ in the Superior Court dated December 29, 1941.

The action was tried before *Cabot*, J.

*F. P. Garland*, (*J. P. Sullivan* with him,) for the defendant.

*T. H. Mahony*, for the plaintiff.

LUMMUS, J.   This is an action of tort for personal injuries sustained on November 15, 1940, at East Brunswick in the State of Maine.   The plaintiff was employed as a construction engineer by the Morton C. Tuttle Company, which was erecting a building seven hundred fifty feet long from east to west and ninety feet wide.   Under a contract with the Bath Iron Works, the owner of the building, the defendant had constructed a spur track from its main line to the east of the building, running westerly through the building to its westerly end, and was operating a freight train on the spur track for the purpose of hauling

building materials. The spur track had become the prop-
erty of the Bath Iron Works. While the train was backing
easterly out of the building, it struck and injured the
plaintiff. The jury returned a verdict for the plaintiff,
and the defendant alleged exceptions, one of which was
to the denial of a motion for a directed verdict in favor
of the defendant.

There was evidence of the following facts. The walls
of the building were up, and work was being done on the
floor. Several hundred workmen were working in the
building, and had been for a week or more. A welding floor
was being built, consisting of small concrete blocks or
pads, partly sunk into the ground, surmounted by metal
plates, with heavy steel beams on the plates, and on top
of the beams steel plates about five feet square. The spur
track in question was in the southerly part of the build-
ing, and the welding floor began close to that track and
extended northerly. Whenever a train entered the building
there would be a man walking in front of or by the side
of the train. The plaintiff saw the train enter the build-
ing on the occasion in question, and knew that ultimately
it would go out again. When the train had been in the
building about three minutes the plaintiff crouched down
in the spur track, about sixty feet behind the train, for
the purpose of inspecting the welding floor, sighting along
the steel beams that had been installed. The locomotive
tender was nearest him, and beyond that was the locomotive,
which was attached to freight cars.

Suddenly he realized that the train had started, and was
only about five feet away, moving slowly. No one was
walking in front of or beside the train, and no one was
riding on the tender. There was no rear brakeman. The
engineer was facing away from him. He received no warn-
ing. Before he could escape he was run down and severely
injured.

Many workmen of various trades were constantly work-
ing on the floor of the building, in the neighborhood of the
spur track, and often had occasion to work within the rails
of that track or to cross it. The building was brilliantly

lighted, and the plaintiff was wearing a conspicuous yellow slicker. There was much noise, caused by hammering, riveting, wheeling concrete buggies, mixing concrete, and the talk of the workmen. Coal was piled up on the tender to a height of thirteen or fourteen feet above the floor, and the engineer could not see over the coal a person in the position of the plaintiff.

1. It is conceded that the plaintiff was a business invitee, entitled to have reasonable care used for his safety. Requests for instructions to the contrary were properly refused. We think that the defendant could have been found to be negligent. The work of construction was the main thing. The transportation of materials was only ancillary. The defendant could be found to have known that the work of construction could not be expected to stop merely because a freight train was in the building. It could be found to have known that many workmen were working on the floor, and might have occasion to cross the track or even to work in the track. Workmen could not reasonably be expected to leave their work to inquire of the train crew how long the train would remain in the building or when it would move out. The time of its stay might be minutes or hours. The jury might find that workmen were entitled to rely upon reasonable warning before the train backed out. Although witnesses for the defendant testified that a bell was sounded, the jury could find that if it was sounded it was not heard, and that the defendant could not reasonably rely upon its being heard, above the noises already described. The jury could find that the absence of other precautions was negligent. *New York Central Railroad* v. *Marcone*, 281 U. S. 345, 349, 350. *Tennant* v. *Peoria & Pekin Union Railway*, 321 U. S. 29. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 431, 432. *Hines* v. *Stanley G. I. Electric Manuf. Co.* 199 Mass. 522, 526. *Frasciello* v. *Baer*, 304 Mass. 643, 645.

2. What conduct constitutes contributory negligence of the plaintiff is a question of substantive law governed by the law of Maine, where the injury happened. *Smith* v. *Brown*, 302 Mass. 432, 433. *Murphy* v. *Smith*, 307 Mass.

64, 65. *Legere* v. *Tatro*, 315 Mass. 141. But the law of the forum — Massachusetts — governs the procedural question of the burden of proof, and under our statute the burden of proof of contributory negligence is on the defendant. *Levy* v. *Steiger*, 233 Mass. 600. *Smith* v. *Brown*, 302 Mass. 432, 433. *Russell* v. *Berger*, 314 Mass. 500, 502. *Palmer* v. *Hoffman*, 318 U. S. 109, 117. *Sampson* v. *Channell*, 110 Fed. (2d) 754, 128 Am. L. R. 394, certiorari denied, *Channell* v. *Sampson*, 310 U. S. 650. The applicable substantive law of Maine as to what conduct constitutes contributory negligence goes no farther than to define it as a failure, contributing to the injury, to exercise as much care as the ordinarily prudent man would have exercised under like circumstances. Whether the evidence conclusively shows such failure or not, is a procedural question to be determined according to rules of practice in force in Massachusetts. *Peterson* v. *Boston & Maine Railroad*, 310 Mass. 45, 47, 48. *Bresnahan* v. *Proman*, 312 Mass. 97, 100. *Pilgrim* v. *MacGibbon*, 313 Mass. 290, 291, 292, 296, et seq.

The conduct of the plaintiff was not negligent as matter of law. He had a right to rely to a substantial extent upon receiving notice before the train bore down upon him. For the purposes of the motion for a directed verdict we need not consider the doctrine of the last clear chance, as it exists in Maine, for that doctrine applies only where in some respect the conduct of a plaintiff has been negligent. There was no error in submitting the case to the jury upon the evidence. *Goodfellow* v. *Boston, Hartford & Erie Railroad*, 106 Mass. 461. *Hines* v. *Stanley G. I. Electric Manuf. Co.* 199 Mass. 522, 525, 526. *Santore* v. *New York Central & Hudson River Railroad*, 203 Mass. 437. *Dube* v. *Keogh Storage Co.* 236 Mass. 488. *Engel* v. *Boston Ice Co.* 295 Mass. 428, 436, 437. Even if open on the pleadings, no voluntary assumption of any risk is shown as matter of law. *Hietala* v. *Boston & Albany Railroad*, 295 Mass. 186, 189, et seq.

3. The defendant argues its exceptions to the denial of many requested rulings. Those numbered 12, 29, and 30 in substance present "the question whether the court

should order a verdict." That question may not be raised by a request for instructions. Rule 71 of the Superior Court (1932). *Commonwealth* v. *Parrotta,* 316 Mass. 307, 313. *Harrison* v. *Boston Elevated Railway,* 316 Mass. 463, 467. *Meldon* v. *Grubliauskas, ante,* 70, 71.

Other requests for instructions fall within the rule that a judge cannot be required to state the law applicable to an inconclusive fragment of the evidence or subsidiary facts bearing upon an issue, such as negligence, or to single out such a fragment for emphasis or comment.[1] "This well established rule is not to be avoided by multiplying requests until they cover all the several material facts involved in a decision of the case." *Smith* v. *Import Drug Co.* 253 Mass. 368, 371. This rule disposes of the defendant's requests numbered 4, 5, 7, 8, 10, 11, 13, 14, 15, 16, 17, 18, 19, 22, 24, 26, 32, 40 and 41. The whole conduct of the defendant and its various servants with respect to the injury was material upon the issue of its negligence. By its requests the defendant sought to divide that issue, and to obtain rulings that the conduct of specified servants of the defendant could not be found negligent, and that specified parts of the conduct of the defendant or of specified servants could not be found negligent. The judge could not be required "thus to break one by one the sticks which were relied on only when bound together in a fagot." *Collins* v. *Greenfield,* 172 Mass. 78, 81. *Partridge* v. *United Elastic Corp.* 288 Mass. 138, 143. *Rubinovitch* v. *Boston Elevated Railway,* 192 Mass. 119, 121, 122. *Perella* v. *Boston Elevated Railway,* 306 Mass. 547, 550, 551. *Bartley* v. *Phillips, ante,* 35, 37. To deal separately with each part of the conduct of the defendant or of each servant would make the charge long, over refined, and confusing. It would tend to defeat the legitimate purpose of requests

---

[1] *Altavilla* v. *Old Colony Street Railway,* 222 Mass. 322, 325. *Barnes* v. *Berkshire Street Railway,* 281 Mass. 47, 50, et seq. *Commonwealth* v. *Polian,* 288 Mass. 494, 499. *Dillon* v. *Framingham,* 288 Mass. 511, 514. *Klein* v. *Keresey,* 307 Mass. 51, 54. *Zawacki* v. *Finn,* 307 Mass. 86, 89. *Lakeville* v. *Cambridge,* 307 Mass. 433, 437. *Copithorn* v. *Boston & Maine Railroad,* 309 Mass. 363, 372. *Williamson* v. *Feinstein,* 311 Mass. 322, 324. *Burgess* v. *Giovannucci,* 314 Mass. 252, 255. *Russell* v. *Berger,* 314 Mass. 500, 502, 503. *Norton* v. *Boston Elevated Railway, ante,* 145, 148.

for instructions, which is not to spawn exceptions, but is to separate law from fact to the extent required for practical justice and to make sure that the jury are given adequate guidance. · The requests in question do not fall within any exception to the fragment rule noted in *Barnes* v. *Berkshire Street Railway*, 281 Mass. 47, 51, et seq., to which case may be added *Shattuck* v. *Rand*, 142 Mass. 83, *Lambert* v. *Eastern Massachusetts Street Railway*, 240 Mass. 495, 499, *Shapiro* v. *Union Street Railway*, 247 Mass. 100, 104, *Jones* v. *New York, New Haven & Hartford Railroad*, 275 Mass. 139, 144, and *Champlin* v. *Jackson*, 313 Mass. 487, 491.

4. Although the jury could have found the conduct of the plaintiff to be free from negligence, we assume that they could have found and perhaps did find to the contrary, that he was negligent in assuming a position which would be one of danger if the train should start, without taking greater precautions than he took against such an occurrence. Consequently the exceptions relating to contributory negligence and the doctrine of the "last clear chance" must be considered.

In general the law of Maine, like that of Massachusetts, denies recovery for negligence to a plaintiff who himself was guilty of contributory negligence. But difficulty arises in determining when a plaintiff's negligence is "contributory." Negligence or other misconduct which does not contribute to the injury, to some extent (*Marble* v. *Ross*, 124 Mass. 44, 50), is without legal consequence. *O'Connor* v. *Hickey*, 268 Mass. 454, 459. *Baggs* v. *Hirschfield*, 293 Mass. 1, 3. *Kralik* v. *LeClair*, 315 Mass. 323, 326. Negligence or other misconduct of a plaintiff which is only a condition or a remote cause, and not a proximate cause, of the injury, is immaterial. *Marble* v. *Worcester*, 4 Gray, 395. *McDonald* v. *Snelling*, 14 Allen, 290, 294. *Newcomb* v. *Boston Protective Department*, 146 Mass. 596. *Lynn Gas & Electric Co.* v. *Meriden Fire Ins. Co.* 158 Mass. 570. *Black* v. *New York, New Haven & Hartford Railroad*, 193 Mass. 448, 450. *Perry* v. *Stanfield*, 278 Mass. 563, 570. *Wall* v. *King*, 280 Mass. 577, 580. *Wallace* v. *Ludwig*, 292

Mass. 251, 254.   *Leveillee* v. *Wright*, 300 Mass. 382, 387, et seq.   *Whalen* v. *Boston*, 304 Mass. 126.   *Malloy* v. *Newman*, 310 Mass. 269, 275, et seq.

The nearest approach to the doctrine of the last clear chance to be found in our own reports is the following statement by Knowlton, C.J., in *Black* v. *New York, New Haven & Hartford Railroad*, 193 Mass. 448, 451: "When the plaintiff's negligence or wrongdoing has placed his person or property in a dangerous situation which is beyond his immediate control, and the defendant, having full knowledge of the dangerous situation, and full opportunity, by the exercise of reasonable care, to avoid any injury, nevertheless causes an injury, he is liable for the injury. This is because the plaintiff's former negligence is only remotely connected with the accident, while the defendant's conduct is the sole, direct and proximate cause of it." We have no need, in the present case, to consider that statement,[1] for the liability in the present case depends upon the law of Maine. At any rate, this court has treated such a situation merely as an instance of causation, and has not recognized any special rule known as the doctrine of the last clear chance. *Fratto* v. *Boston Elevated Railway*, 230 Mass. 388, 391. *Beebe* v. *Randall*, 304 Mass. 207, 211.

In Maine, on the other hand, the situation of a plaintiff negligently putting himself in a position of danger, and then being hurt by the subsequent negligence of a defendant who by due care could have prevented the injury, is dealt with by a doctrine called in the more recent cases the doctrine of the "last clear chance." As applied to the case at bar, that doctrine as extracted from the Maine decisions may be stated as follows: Although the plaintiff negligently put himself in a position of danger, and thus was guilty of contributory negligence in a sense that does not distinguish between a remote contributory cause and a proximate contributory cause (*Marble* v. *Worcester*, 4 Gray, 395), nevertheless if after the plaintiff's negligence has·

---

[1] See *Amstein* v. *Gardner*, 134 Mass. 4, 10, 11; *Rowley* v. *Ellis*, 197 Mass. 391, 396, 397; *Bilodeau* v. *Fitchburg & Leominster Street Railway*, 236 Mass. 526, 538; *Anti* v. *Boston Elevated Railway*, 247 Mass. 1, 7; *Randall* v. *Boston, Revere Beach & Lynn Railroad*, 289 Mass. 241.

ceased to be an active force the defendant has the "last clear chance" of avoiding injury to the plaintiff, and, no matter whether the defendant was negligent earlier or not, negligently fails to avail himself of that chance, and injury to the plaintiff results, the negligence of the defendant in failing to avail himself of that "last clear chance" is the sole proximate cause of the injury, and the plaintiff may recover. *O'Brien* v. *McGlinchy,* 68 Maine, 552. *Atwood* v. *Bangor, Orono & Old Town Railway,* 91 Maine, 399, 404, 405. *Conley* v. *Maine Central Railroad,* 95 Maine, 149, 152. *Ward* v. *Maine Central Railroad,* 96 Maine, 136, 145. *Butler* v. *Rockland, Thomaston & Camden Street Railway,* 99 Maine, 149, 153. *Denis* v. *Lewiston, Brunswick & Bath Street Railway,* 104 Maine, 39, 47. *Moran* v. *Smith,* 114 Maine, 55, 57, 58. *Welch* v. *Lewiston, Augusta & Waterville Street Railway,* 116 Maine, 191, 195. *Blanchette* v. *Waterville, Fairfield & Oakland Railway,* 126 Maine, 40, 43, 44. *Kirouac* v. *Androscoggin & Kennebec Railway,* 130 Maine, 147, 149. *Collins* v. *Maine Central Railroad,* 136 Maine, 149, 154, 155. See Am. Law Inst. Restatement: Torts, §§ 479, 480; Harper, Torts (1933) §§ 138–140. See also Prosser, Torts (1941) 408–416, which criticises the theory of the doctrine that the courts of Maine appear to adopt.

The defendant excepted to the charge with respect to that doctrine. It is enough to say that we see no prejudicial error in the statement of that doctrine in the charge.

The defendant excepted to the denial of three requests relating to that doctrine. One was that that doctrine was not applicable. Such a ruling could not be made as matter of law upon the evidence. Another was that that doctrine does not apply "unless the defendant's engineer in backing saw or should have seen the plaintiff in a position of peril and could then have stopped the train in time to prevent the accident." Such an instruction, restricted as it was to one only of the defendant's servants, was not required, to say the least. That doctrine is not limited to cases in which the defendant actually knows of the plaintiff's danger.

The defendant requested the following instruction: "The plaintiff has the burden of proving that the defendant's

engineer had the last clear chance to prevent the accident."
We pass by the point that the conduct of the defendant
and all its servants was involved, and not that of the engi-
neer alone. If the action had been tried in Maine, the bur-
den would have been on the plaintiff to prove his freedom
from contributory negligence, including if necessary his right
to the benefit of the doctrine of the last clear chance. *Ward*
v. *Maine Central Railroad*, 96 Maine, 136, 145. *Denis* v.
*Lewiston, Brunswick & Bath Street Railway*, 104 Maine, 39,
45. *Welch* v. *Lewiston, Augusta & Waterville Street Rail-*
*way*, 116 Maine, 191, 194. But upon this procedural ques-
tion the law of Massachusetts governed, and the burden
of proof that the plaintiff was guilty of contributory negli-
gence was on the defendant by virtue of our statute. As
an incident to that burden the defendant had to prove,
when it became material, that the plaintiff was not en-
titled to the benefit of the doctrine of the last clear chance.
We are aware that a contrary decision, under a statute
comparable to ours, was made in *Clark* v. *Boston & Maine*
*Railroad*, 87 N. H. 434. But we think that our decision
is more consonant with the theory of the doctrine of the
last clear chance as it exists in Maine.

5. The defendant had a rule that no employee should
ride on the "leading end of a moving engine." The judge
instructed the jury in substance that that rule had no bear-
ing upon the question whether the defendant exercised due
care toward the plaintiff, and that if due care toward the
plaintiff required that a trainman should ride in violation
of that rule, the rule could furnish no excuse for not having
a trainman on the leading end of the moving engine, which
in this case was the tender. We see no error in that in-
struction.

*Exceptions overruled.*