## JANSSON v. SWEDISH AMERICAN LINE.
### Civ. No. 7789.

United States District Court
D. Massachusetts.

March 31, 1950.

As Amended April 3, 1950.

558

John O. Parker, (Ely, Bradford, Bartlett, Thompson & Brown), Boston, Mass., for plaintiff.

Thomas H. Walsh, Boston, Mass., for defendant.

FORD, District Judge.

This is an action for personal injuries, commenced on August 13, 1948 by Karl G. Jansson, a citizen of Massachusetts, against the Swedish American Line, a Swedish corporation with a place of business in Boston. Plaintiff alleges that on or about January 3, 1947 he was injured when through the negligence of the defendant he suffered a fall aboard the defendant's motor vessel Gripsholm while said vessel was afloat alongside a dock or pier at Gothenburg, Sweden.

Defendant brings this motion for judgment on the pleadings on the grounds: (1) that Swedish law is applicable and has not been pleaded by the plaintiff, and therefore the complaint fails to set forth an essential element of plaintiff's cause of action; and (2) that under the provisions of the contract of passage between plaintiff and defendant suit on a claim for bodily injury is not maintainable unless commenced within one year from the date of injury. As to the latter ground, affidavits have been filed by both parties, so the motion will be considered as one for summary judgment. Rule 12(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

Since the negligence and resulting injury are alleged to have taken place on a Swedish vessel lying in Swedish territorial waters, the cause of action set forth by the complaint is one which will be governed by the law of Sweden. Restatement, Conflict of Laws, §§ 404, 405. Defendant relies on Cuba Railroad Co. v. Crosby, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274, 38 L.R.A.,N.S., 40 as determining that plaintiff must allege the applicable Swedish law in

his complaint. But the governing principle in that case was stated by the court, 222 U.S. at page 479, 32 S.Ct. at page 133, as follows: "We repeat that the only justification for allowing a party to recover when the cause of action arose in another civilized jurisdiction is a well-founded belief that it was a cause of action in that place. The right to recover stands upon that as its necessary foundation. It is part of the plaintiff's case, and *if there is reason for doubt,* he must allege and prove it." (Emphasis supplied.) The decision in that case rests on the ground that the court would not presume, in the absence of any proof, that a peculiar common law rule of liability was also the rule in Cuba, which is not a common law jurisdiction.

■ A court in applying the law of a non-common law jurisdiction, such as Sweden in the present case, is not aided by the same general presumption available where the foreign jurisdiction is another common law jurisdiction, that the common law of the other state is the same as its own. But it is not barred from such a presumption in cases in which it may reasonably be believed to be the fact, that is, where the matters alleged are such as are likely to impose liability in all civilized countries. Cuba Railroad Co. v. Crosby, supra, 222 U.S. at pages 478, 479, 32 S.Ct. 132. Such a presumption has been held proper in cases where the foreign law was neither alleged in the pleadings nor proved at the trial. E. Gerli & Co., Inc., v. Cunard S. S. Co. Ltd., 2 Cir., 48 F.2d 115; Compagnie Generale Transatlantique v. Rivers, 2 Cir., 211 F. 294; Parrot v. Mexican Central Railway Co., 207 Mass. 184, 93 N.E. 590, 34 L.R.A.,N.S., 261. Cf. Beale, The Conflict of Laws, Vol. III, pp. 1676–1678.

■ Plaintiff in his case is also aided by the provisions of Mass.Gen.Laws (Ter. Ed.) Ch. 233, § 70, which reads, "The courts shall take judicial notice of the law of the United States or of any state, territory or dependency thereof or of a foreign country whenever the same shall be material." This statutory provision is applicable to civil actions in this court. Rule 43(a),

F.R.C.P.; Hagen v. Porter, 9 Cir., 156 F. 2d 362; Zell v. American Seating Co., 2 Cir., 138 F.2d 641. It is true that under this statute the court will take judicial notice only of such law as is called to its attention. Hanson v. Hanson, 287 Mass. 154, 191 N.E. 673, 93 A.L.R. 701. This may be done at the trial in various ways, as by the presentation of testimony, or the citing of applicable cases and statutes, in requests for rulings, and even after trial by way of briefs. Smith v. Brown, 302 Mass. 432, 19 N.E.2d 732; Eastern Offices, Inc., v. P. F. O'Keefe Advertising Agency, Inc., 289 Mass. 23, 193 N.E. 837. It is not necessary that the foreign law should be pleaded. Richards v. Richards, 270 Mass. 113, 169 N.E. 891, on which defendant relies, holds only that the effect of foreign law on the rights of the parties can be settled on demurrer only when that foreign law is set forth with adequate particularity in the pleadings.

■ The complaint here sets forth a cause of action for bodily injuries arising from the alleged negligence of the defendant. It is not unreasonable to assume that recovery can be had on such a cause of action under the Swedish law. If in fact the governing rules of that law differ from our own, the parties would have opportunity at the trial to bring those rules to the court's attention. Failure to allege the Swedish law in the pleadings in an action such as this is not sufficient ground for judgment for the defendant at this stage of the proceedings.

■ Defendant's second ground for its motion is that the action was not commenced within one year from the date of the injury. The ticket issued to the plaintiff in this case contained on its face the following contract, printed in both English and Swedish: "In consideration of the sum of money stated in the left margin hereof A. B. Svenska Amerika Linien agrees to forward the person or persons therein named, * * * on board the vessel mentioned in the margin hereof from Gothenburg to New York * * *. This ticket is not transferable, and is available only for the person or persons and the sailing for which it is issued. For further

conditions see the back of this ticket." Below this was filled in the place and date, followed by the printed signature of the defendant and the written signature of a person purporting to sign as its agent. On the back of the ticket, under the heading "Conditions of forwarding" were several printed paragraphs, the third of which reads: "In any case where Section 4283A of the Revised Statutes of the United States [46 U.S.C.A. § 183b] shall apply, the shipowner shall not be liable for any claim for loss of life or bodily injury unless written notice of the claim shall be given to the shipowner within six months from the day when death or injury occurred. Suit to recover on any such claim shall not be maintainable unless commenced within one year after the day when such death or injury occurred. * * *."

Section 4283a of the Revised Statutes, 46 U.S.C.A. § 183b, provides: (a) It shall be unlawful for the manager, agent, master, or owner of any seagoing vessel (other than tugs, barges, fishing vessels and their tenders) transporting passengers or merchandise or property from or between ports of the United States and foreign ports to provide by rule, contract, regulation, or otherwise a shorter period for giving notice of, or filing claims for loss of life or bodily injury, than six months, and for the institution of suits on such claims, than one year, such period for institution of suits to be computed from the day when the death or injury occurred. * * *." The condition on the back of the ticket in this case is thus one which is clearly permissible under the statute, and one which, if binding on plaintiff, will bar the present action which was instituted some nineteen months after the date of the alleged injury. Plaintiff's present counsel were not employed by him until eighteen months after the date of the alleged injury.

Plaintiff's affidavit sets forth that he never signed the ticket, never read the conditions on the reverse side or had his attention called to them, and that the ticket was taken up by the purser shortly after the ship sailed. His contention is that the question of whether the condition in question is binding on him involves issues of fact for a jury and that the present motion should be denied.

■ Plaintiff's contention must be rejected. Where a ticket is not a mere check showing the points between which the passenger is to be carried, but rather a contract stating the rights of the parties, the passenger by accepting and using the ticket is bound by the provisions of the contract, whether or not he has read them or has had them called to his attention. 1 Williston, Contracts § 90B. The Leviathan, 2 Cir., 72 F.2d 286; The Kronprinzessin Gecilie, D. C., 238 F. 668; The Cretic, D.C., 224 F. 216. This includes provisions incorporated by reference into the contract. Pacific S. S. Co. v. Cackette, 9 Cir., 8 F.2d 759. In the present case the face of the ticket purported to set forth over the signature of the shipowner a statement of the essential terms of the contract between the defendant and its passenger. In the body of that statement is a clear statement that there are further conditions of the contract to be found on the back of the ticket. Thus the case here does not fall within the class of cases where a rule of the carrier was not incorporated by reference into the contract, and hence it became a question of whether the passenger had been given adequate notice of the existence of the rule.

■ In The Majestic, 166 U.S. 375, 17 S.Ct. 597, 41 L.Ed. 1039 there was no reference in the contract itself to the conditions sought to be enforced, and only a vague reference to them by the words on the face of the ticket, "See Back". Hence the conditions on the back were held mere notices not binding on the passenger unless called to his attention. The same rule has been followed where the reference to the conditions on the back of the ticket was clearly printed on the face thereof, but was on the side or margin and not in the body of the contract appearing above the signature of the carrier. The Kungsholm, 2 Cir., 86 F.2d 703; Maibrunn v. Hamburg-American S. S. Co., 2 Cir., 77 F.2d 304. In all these cases the rule is recognized to be as stated in The Kungsholm, supra, 86 F.2d at page 704, "These cases hold that stipulations affecting the carrier's liability must either be brought to the knowledge of

the passenger or must be incorporated, at least by reference, into the very body of the contract, * * *." Here the condition was incorporated into the contract by reference to it in the body of the contract above the carrier's signature and binds the passenger, and hence he cannot maintain his present action.

Judgment for the defendant.