SAMUEL H. LE GATES *v.* WILLIAM E. ENNIS.

(*July* 12, 1935.)

RODNEY, J., sitting.

*James M. Tunnell* for plaintiff.

*Robert G. Houston* for defendant.

Superior Court for Sussex County, Summons Case, No. 13, February Term, 1935.

RODNEY, J., delivering the opinion of the Court:

The declaration alleges the accident to have been about 6:00 P. M. on December 26th; the Statute requires a

light one-half hour after sunset. The Court will judicially notice that the sun sets on December 26th more than one-half hour before six o'clock and therefore that a light is required by the Statute upon the class of vehicle driven by the plaintiff at the time alleged in the Declaration.

In *State v. Chandler,* 2 *Del.* (2 *Harr.*) 553, at page 562, it is said:

"It is a current phrase among the special pleaders, 'that the almanac is a part of the law of the land.' * * * By this it is meant, that the courts will judicially notice the days of the week, month and other things, properly belonging to an almanac, without pleading or proving them."

It is so well settled that a Court will judicially notice the time of the setting of the sun that a mere citation of general authorities where the cases are collected will be sufficient. 15 *R. C. L.* 1100; 23 *C. J.* 165; 21 *Ann. Cas.* 352, Note.

■■ While the Court will judicially notice that the alleged hour of the accident was during the period when the Statute required the animal-drawn vehicle to carry a light, it does not follow that the fact that a light was carried was a necessary allegation in the declaration. Under the Statute the failure to carry the light was denominated as contributory negligence. The general rule is that contributory negligence on the part of the plaintiff is a matter of defense and it is not necessary for the plaintiff to negative its existence. 45 *C. J.* 1105; 33 *L. R. A.* (*N. S.*) 1152, 1158, Note. This was the precise ruling in *Smith v. P. B. & W. R. R. Co.,* 1 *W. W. Harr.* (31 *Del.*) 503, 115 *A.* 416.

In the present case there is nothing to indicate that the plaintiff did not carry a light. If he did, then the cited Statute has no application to him and he need not consider it in his declaration. The desirability of early adjudication of indispensable facts, rather than postponement until trial,

could, it would seem, be met by special pleading concerning the existence of lights.

The demurrer must be overruled.