VINCENT MITCHELL *vs.* LYNN FIRE AND POLICE NOTIFICATION COMPANY INCORPORATED.

Essex.   June 24, 1935. — September 16, 1935.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence.* Invited person, Trespasser, Awning, In use of way, Contributory. *Evidence*, Presumptions and burden of proof. *Practice, Civil,* Exceptions: when exception lies.

On unqualified evidence that the entire space between the curb of a city street and the wall of an abutting building appeared to be a public sidewalk, an inference was warranted that the owner of so much of the space as was private land had invited the public to use it.

A plaintiff who gave testimony unfavorable to himself was entitled to the benefit of contrary testimony given by other witnesses.

The questions of the defendant's negligence and the plaintiff's due care
were for the jury on the evidence at the trial of an action for personal
injuries sustained when the plaintiff, while standing on a sidewalk,
was struck by an awning bar as the awning was raised by the defendant.

A general exception does not lie to the entire charge to the jury on one
of the subjects in issue.

TORT.   Writ in the District Court of Southern Essex
dated November 27, 1931.

On removal to the Superior Court, the action was tried
before *Brogna, J.,* who denied the defendant's motion for
a directed verdict.   There was a verdict for the plaintiff
in the sum of $754.18.   The defendant alleged exceptions.

The case was submitted on briefs.

*H. A. Bowen,* for the defendant.

*J. E. Tierney,* for the plaintiff.

QUA, J.   The plaintiff, a boy fifteen years old, while
standing on the sidewalk in front of "the Besse-Rolfe
store" in Lynn waiting for a car, was injured in consequence
of the raising by one Hartigan, a servant of the defendant,
of an awning which was attached to the front of the store
and extended over the sidewalk.

There was evidence that the defendant was employed
by the owner of the building to raise this awning each day;
that when the awning was raised the end nearest the build-
ing of the iron bar which supported it would slide down
in a groove or slot in a rod which was attached vertically
to the wall of the building, so that the bar would fold up
against the building; and that the bar in sliding down the
rod struck the plaintiff's head.

A motion by the defendant for a directed verdict in its
favor raises the following questions:   (1) Whether as a
matter of law the plaintiff was a trespasser upon land of the
defendant's employer, so that the defendant, which came
to the premises as a business visitor of the owner, owed the
plaintiff no duty of ordinary care with respect to the raising
of the awning (see *Sarna* v. *American Bosch Magneto Corp.*
290 Mass. 340, 345), (2) Whether there was any evidence
of the defendant's negligence and (3) Whether as matter of
law the plaintiff was guilty of contributory negligence.

As to the first question, there was evidence that "the sidewalk" upon which the plaintiff stood extended from the curbstone to the wall of the building. There was no evidence as to the exact location of the street boundary, but from repeated references to "the sidewalk" and to the movements of the plaintiff upon it from the wall of the building to the curbstone and in the absence of anything to control natural inferences, we think the jury were justified in finding that the entire space was open to travellers and that if the front of the building was not itself the property line, the owner had invited the public to use that part of the sidewalk which was on its land. *Holmes* v. *Drew*, 151 Mass. 578. See *Conroy* v. *Allston Storage Warehouse, Inc. ante*, 133.

More difficulty is presented by the positive testimony of the plaintiff himself on cross-examination that when he was struck he was leaning "up against" the vertical rod, but we need not decide whether if this evidence stood alone it would require a ruling that the plaintiff was a trespasser. There was other evidence. Hartigan, called by the plaintiff, testified that he warned the plaintiff that he was about to raise the awning; that the plaintiff, who had been leaning against the building near the rod, "did not reply, but stepped forward toward the curbing . . . to a point about midway on the sidewalk"; and that Hartigan "then turned to the awning attachment" and proceeded to raise the awning. The plaintiff was entitled to the benefit of this testimony, although it differed from his own. *Whiteacre* v. *Boston Elevated Railway*, 241 Mass. 163. *Horneman* v. *Brown*, 286 Mass. 65, 70–71. *Jennings* v. *Bragdon*, 289 Mass. 595, 597. The jury could believe it unlikely that the plaintiff would leave the side of the building, as Hartigan testified, and then almost immediately return again to the rod as the awning was raised, and therefore they could find that the plaintiff was mistaken when he testified that he was still leaning against the rod when he was struck.

The jury could find that Hartigan was negligent in causing the bar to fall upon the plaintiff, whose position

on the sidewalk he could have observed. And a ruling could not have been made as a matter of law that the plaintiff himself was negligent. Although the plaintiff testified that he knew there was a bar which came down when the awning was folded up, he also testified that he heard nothing and did not know Hartigan was doing anything to the awning until he was hit.

The defendant appears to have taken a single exception to a part of the charge in which the judge stated certain contentions of the plaintiff and of the defendant, defined the duty owed to a trespasser, laid down a test for determining whether the plaintiff was a trespasser, and defined the duty of the defendant to the plaintiff if the plaintiff was not a trespasser. Seemingly this was the entire charge on the subject of trespass. However that may be, although the defendant's counsel spoke to the judge about lack of evidence as to location of the property line, there is no specification in the record, and it is not shown affirmatively that there was any at the trial, as to what particular statements or rulings were intended to be made the subject of exception. The case is within the authority of a number of decisions holding that such general exceptions to a charge as a whole or to large segments of a charge without particularization will not be sustained. *Boston Conservatory of Music, Inc.* v. *Dulfer,* 256 Mass. 262, 266. *Callahan* v. *Fleischman Co.* 262 Mass. 437. *Connelly* v. *Fellsway Motor Mart, Inc.* 270 Mass. 386, 391. *Anderson* v. *Beacon Oil Co.* 281 Mass. 108, 110.

*Exceptions overruled.*