WALTER F. BAKER *vs.* HEMINGWAY BROTHERS INTERSTATE TRUCKING COMPANY.

SAME *vs.* SAME.

Barnstable.    January 4, 1937. — December 27, 1937.

Present: RUGG, C.J., DONAHUE, LUMMUS, & QUA, JJ.

*Evidence,* Presumptions and burden of proof.  *Negligence,* Contributory, Motor vehicle, In use of way.

A plaintiff, who in direct examination testified that, as he was driving his automobile in the night time, he first saw an object with which he later collided when it "seemed very close . . . about right in front of him," and in cross-examination that it "seemed to be no more than twelve feet from him," was entitled to the benefit of the testimony of a companion that when first seen by the plaintiff the object was seventy-five feet away.

A ruling that the operator of an automobile, which collided from the rear with an unlighted platform motor truck in a country district at night, was guilty of contributory negligence was not required by evidence as to the speed of the automobile and the distance the truck was ahead when he first saw it, and that his legally equipped headlights were deflected downward to aid drivers approaching from the opposite direction.

Two ACTIONS OF TORT.  Writs in the Superior Court dated June 17, 1931, and December 10, 1932, respectively.

Verdicts for the plaintiff in the sums, respectively, of $3,500 and $250 were recorded with leave reserved, and thereafter *Donahue,* J., ordered verdicts entered for the defendant.  The plaintiff alleged exceptions.

The cases were submitted on briefs.

*H. F. Hathaway*, for the plaintiff.

*A. Sherman*, for the defendant.

DONAHUE, J.   The plaintiff brought these actions to recover for personal injuries and damage to his automobile which resulted when the automobile driven by him was in collision with an automobile truck of the defendant. There were verdicts for the plaintiff which were received under leave reserved. On motions of the defendant, the judge later entered verdicts for the defendant (G. L. [Ter. Ed.] c. 231, § 120). The cases are here on exceptions of the plaintiff to the allowance of those motions.

The collision occurred at night in a thinly settled country district in the town of Mattapoisett where for a distance of a quarter of a mile there were no intersecting streets and no street lights. Just prior to the collision the plaintiff was looking ahead and operating the automobile at a rate of speed of twenty-five to thirty miles an hour up a slight grade in the road. The macadam street was about twenty-four feet wide and the right hand wheels of the automobile were about three feet from the right hand edge of the macadam.

A passenger on the front seat of the automobile saw a dark object in the road about seventy-five feet ahead and the plaintiff "practically" simultaneously looked and saw directly ahead of him a large dark object. The plaintiff testified on direct examination that the object "seemed very close . . . about right in front" of him, and on cross-examination that it "seemed to be no more than twelve feet from him . . . . It looked like a big black wall. It had no distinguishing features about it." On seeing the object the plaintiff immediately turned abruptly to the left and applied both hand and foot brakes but there was a collision.

The dark object which the plaintiff saw was in fact a disabled automobile truck of the defendant which was being towed by another truck of the defendant at the rate of speed of eight miles an hour. It was an empty, flat, platform truck with no side or back boards and no covering except over the driver's seat. The platform extended several

feet back of the rear axle. The original paint on the truck had worn off. It was described as being of "a dirty color." It was the rear left corner of the platform of the truck which was in contact with the right side of the plaintiff's automobile.

There was evidence warranting the conclusion that the rear red light with which the truck was equipped was not, at the time, lighted, and that the defendant's employee in charge of the truck was negligent. The defendant made before us no contention to the contrary.

There was testimony that the headlights on the plaintiff's automobile "were equipped as required by law." By means of a switch the driver could deflect the light downward somewhat so that the rays of light would not shine in the eyes of operators of automobiles coming in the opposite direction. Before and at the time of the collision there were automobiles coming in the opposite direction and the plaintiff had deflected the headlights. The plaintiff testified that with the lights deflected he could see "probably" fifty feet, and on a level straight road "probably . . . about seventy-five feet" ahead and to a greater distance if the headlights were not deflected. Notwithstanding what was said by the plaintiff on cross-examination as to the distance from him of the truck when he first saw it, there was testimony of another witness warranting the finding that the plaintiff was then about seventy-five feet away. The plaintiff was entitled to the benefit of this testimony though it differed somewhat from his own. *Mitchell* v. *Lynn Fire & Police Notification Co. Inc.* 292 Mass. 165, and cases cited. *Hill* v. *West End Street Railway*, 158 Mass. 458. There was also evidence warranting the finding that by the use of the foot brakes the plaintiff could stop the automobile, when going thirty miles an hour, within seventy-five feet and by the use of both foot and hand brakes within sixty feet.

The mere occurrence of a rear end collision between the two vehicles on a public highway did not establish negligence on the part of the plaintiff (*Hendler* v. *Coffey*, 278 Mass. 339, 340), and the mere fact that the automobile was operated at a speed between twenty-five and thirty miles an

hour, in a district of the character described and in the conditions of traffic which were apparent, did not permit a ruling of law that the plaintiff was negligent. The speed of the automobile was not such that, upon the sudden application of the brakes and an abrupt turn to the left, it caused the automobile to get out of the control of the operator by skidding or otherwise as in *Levine* v. *Bishop*, 292 Mass. 277. The plaintiff here did not lose control of the automobile and apparently, from the point of initial contact of the two vehicles, nearly averted a collision.

It could not have been ruled as a matter of law that the plaintiff was negligent because he had his headlights deflected as he approached the place of the collision. There was testimony that "his lights were equipped as required by law." There is nothing to show that the deflecting device did not operate as it was designed to do and there is nothing in the statute then in force governing the matter of lights on automobiles to indicate that the device for deflecting the headlights was not proper equipment. St. 1929, c. 43. This accident happened before the passage of the statute requiring approval by the registrar of motor vehicles of the type of a device used to obstruct, reflect or alter the beam of headlights. St. 1932, c. 123. The use of such a device on suitable occasion would not only make the operation of automobiles coming in the opposite direction easier, but would also promote generally the safety of travellers on the highway. As the plaintiff approached the place of collision there were other automobiles in sight coming in the opposite direction and hence there was occasion for the plaintiff to contribute to the safety of travellers by deflecting his lights. He would, of course, not be justified in devoting his entire attention to that beneficial purpose and in ignoring other perils incident to night travel on highways. He could, however, rely to some extent on the expectation that vehicles were not being operated on the highway ahead of him in violation of the statutory requirement that a rear red light be displayed. *Jacobs* v. *Moniz*, 288 Mass. 102, 106.

The truck of the defendant with merely a platform body

was, in the absence of a red light, not readily to be seen at a distance by one operating a motor vehicle behind it at night. The case is distinguishable in this respect from cases like *Stone* v. *Mullen*, 257 Mass. 344, 345, where there was on the defendant's truck a load, gray and white in color, and ten feet high, and *Levine* v. *Bishop*, 292 Mass. 277, where the defendant's truck was parked diagonally with its rear over the center of the road.

Although the case is close we think that the conduct of the plaintiff in the operation of his automobile prior to the collision, in all the pertinent circumstances as the jury might have found them, could not be ruled as matter of law to have been negligent.

In each action, the entry must be

*Exceptions sustained.*

*Judgment for the plaintiff on the verdict returned by the jury.*