No. 2879 Northern Middlesex, ss.

SWAIN (M. L. Hussey)
v. GOULD (Badger, Pratt, Doyle and Badger)

From the Third District Court of Eastern Middlesex—Stone, J.

Argued April 28, 1941—Opinion Filed June 30, 1941

JONES, P.J. (Sullivan, & Wilson, JJ.)—This is an action of tort, alleging damages to plaintiff's automobile caused by defendant's negligence in the operation of an automobile operated by her.

[ 43 ]

The sole question presented is whether there was any negligence on the part of the defendant.

The accident happened on a fair day; the street was dry, and conditions good. Sparhawk and Murdock streets cross each other at right angles with the intersection, approximately from curb to curb, twenty-two feet square. Defendant had been visiting at a house five houses away from the corner of these two streets, and was operating on said street in a southerly direction. Arriving at a point about ten feet short of the line of the intersection of these two streets, she slowed up and looked to her left and her right. There was no automobile to her left and none on Murdock Street in front of her. She saw plaintiff's automobile from one hundred to one hundred and fifty feet to her right, and west of the intersection of Sparhawk Street. She did not look again after she first saw the plaintiff's automobile and formed no estimate of the speed of the plaintiff's automobile. It, however, was then being driven at a "moderate" rate of speed. The situation was then that the defendant having the right of way, accelerated the speed of her car, crossed the intersection at an increasing rate of speed, which finally reached fifteen miles an hour. When defendant's automobile had progressed so that the front half of it had passed over the further line of the intersection, the front of plaintiff's automobile collided with the defendant's automobile, and struck the right rear side with sufficient force to throw defendant's automobile to one side and turn it over.

The plaintiff's wife, as she approached the intersection, saw the defendant's automobile on her left, about one hundred and twenty-five feet away, as it entered the intersection; she thought it going forty miles an hour. Under these circumstances, she did not slow down, and paid no attention to defendant's automobile until it was in front of her at the time of the collision. No other automobile was in or approaching the intersection.

The trial judge found there was no reason why the plaintiff could not have avoided the collision by slowing down when she first saw the defendant's automobile, or later applied her brakes, or turned to the left into the open intersection and passed to the rear of defendant's automobile, but she failed to do any of these things and there was the inevitable result.

The judge could well find, as he did, that the accident was caused by the negligent operation of plaintiff's car.

Ordinarily, when a collision occurs between travellers upon a public way, the issue of due care and negligence are for the jury, *Minnehan* v. *Hiland*, 278 Mass. 518; *Ashapa* v. *Reed*, 280 Mass. 514; and where there is no jury, the trial judge acts in the dual capacity of court and jury. *Castano* v. *Leone*, 278 Mass. 429. The burden of proof as to defendant's negligence remains on the plaintiff, and unless it can be said there is no support in the evidence for the findings of facts, such findings must be accepted as final. *Castano* v. *Leone, supra,* and cases cited.

While in the instant case there is much conflicting testimony, yet there is evidence in support of the finding of the trial judge. He had an opportunity to examine the witnesses first-hand. We must accept his findings unless we can say clearly it is erroneous. This we cannot say. *Warner* v. *Fuller*, 245 Mass. 520, 523. *Baker* v. *Hemingway Bros. Interstate Trucking Co.* 299 Mass. 76.

Finding no prejudicial error, the report is dismissed.