PRICE, to Use of NATIONAL RETAILERS MUT. INS. CO. v. DERRICKSON et al.

No. 1210.

Municipal Court of Appeals for the District of Columbia.

Argued May 19, 1952.

Decided June 10, 1952.

June L. Green, Washington, D. C., for appellant.

Frederick H. Livingstone, Washington, D. C., with whom Paul J. Sedgwick, Washington, D. C., was on the brief for appellees Derrickson and Whitehouse Sightseeing Corp.

William H. Clarke, Washington, D. C., with whom Richard W. Galiher and William E. Stewart, Jr., Washington, D. C., were on the brief for appellee Armstrong.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

CAYTON, Chief Judge.

Robert W. Price was involved in an automobile collision on Memorial Bridge during the afternoon rush-hour traffic. By suit in Municipal Court he sought damages against Whitehouse Sightseeing Corporation owner of a sightseeing limousine and Vernon

L. Derrickson who was its operator. He also named as defendant appellee Armstrong whose automobile was immediately behind the sightseeing car. Trial was without a jury and resulted in finding and judgment for all defendants. Plaintiff brings this appeal, contending that he was entitled to judgment as a matter of law.

Plaintiff's testimony was that he brought his car to a complete stop a few feet behind the automobile directly in front of him; that his stop was sudden and he did not have time to give a hand signal; that "a few seconds" after he had stopped and while his car was at a standstill he was struck from the rear by the sightseeing car and forced into the car ahead of him.

The testimony of the operator of the sightseeing car was in the form of a written statement (received by stipulation) and is set out in the statement of evidence as follows:

"I was going across the Arlington Bridge. Traffic in front of me stopped. I stopped my car touching the car in front of me. The car in rear of my car hit my rear and the car in rear of him hit the car in my rear, driving my car into the rear of the car in front of me."

Defendant Armstrong testified that his car was immediately behind the sightseeing car; that he heard a series of crashes occurring almost simultaneously; that he heard a crash *ahead* of his car; that his car struck the car ahead of him and that he in turn was struck almost immediately by the car behind him. He described the impacts as "an accordion-type accident."

■ We cannot say that the evidence just related required the trier of the facts to impose liability on any of the defendants. If the driver of the sightseeing car were to be believed he did not strike plaintiff's car but was driven into it. If the testimony of Armstrong were accepted the plaintiff either struck the car ahead of him *before* he was struck or the sightseeing car struck plaintiff and then was struck by the Armstrong car. In these circumstances we can understand the doubts expressed by the trial judge as to just how plaintiff's damage was caused and whether any of the defendants should be required to make good that damage. On the conflicting evidence and on the conflicting inferences which might reasonably have been drawn therefrom we cannot say that the judgment was plainly wrong. See Kuzminsky v. Wagner, D.C. Mun.App., 87 A.2d 411.

■ Appellant argues "that the primary duty to exercise due care to avoid collision as between motorist ahead and motorist following, lies with the following motorist." Though that may be conceded to be the general rule it does not, on the evidence we have stated, require a ruling as a matter of law in favor of plaintiff. On such evidence the negligence of one colliding with a forward car is essentially a question of fact. Le Gates v. Ennis, 7 W.W.Harr. 31, 37 Del. 31, 180 A. 325; Krauss v. Dowd, 110 N.J.L. 344, 164 A. 454; Simmons v. Jesse C. Stewart Co., 346 Pa. 54, 29 A.2d 55; Baker v. Hemingway Bros. Interstate Trucking Co., 299 Mass. 76, 12 N.E.2d 95; Cirquitella v. C. C. Callaghan, Inc., 331 Pa. 465, 200 A. 588. This view is in general harmony with the ruling in Jarvis v. Bostic, 65 App. D.C. 78, 79 F.2d 831.

Affirmed.