**Joan F. NUGENT**

v.

**Helen CURRY, et al.**

**Civ. No. K–95–745.**

United States District Court,
D. Maryland.

Dec. 13, 1995.

Paul M. Weiss, Towson, Maryland, for plaintiff.

Frank F. Daily, Baltimore, Maryland, for defendants.

FRANK A. KAUFMAN, Senior District Judge.

In the within case, plaintiff Nugent has sued defendants Curry and Morehead and also Morehead's employer, defendant Southwestern Bell, Inc., for damages arising out of an automobile accident. In that accident, Morehead's vehicle struck Curry's vehicle from behind, and that second vehicle driven by Curry almost immediately struck Nugent's vehicle from behind. Nugent has dismissed her complaint against Curry and has moved for partial summary judgment against Morehead and Southwestern Bell on the issue of liability. For the following reasons, this Court will grant plaintiff's motion.

## FACTS

The dispositive facts are not in dispute: The accident at issue occurred on May 12, 1993. Nugent had stopped for a red traffic light behind several other stopped vehicles on New York Avenue in Washington, D.C.[1] Traveling behind Nugent was a vehicle driven by Curry. Traveling behind Curry was a vehicle driven by Morehead. As Morehead approached the traffic light, her vehicle collided into Curry's vehicle.[2] The force of that collision caused Curry's vehicle to collide into

---

1. *See* October 17, 1995, Affidavit of Joan F. Nugent at ¶ 2A; *see also* Nugent Deposition of June 29, 1995 at 56 (stating that the light had not turned green before the collision).

2. In answer to an interrogatory put to her by plaintiff Nugent, defendant Morehead stated that she "was proceeding behind a vehicle operated by Helen Curry in busy stop and go traffic. The Defendant was slowing her vehicle to a stop when her vehicle came into very light contact with vehicle driven by Ms. Curry." *See* plaintiff's October 17, 1995, filing at 5 (quoting defendant's Answer to Interrogatory No. 10).

Nugent's vehicle.[3] In an affidavit, Nugent has made the following statement, which neither Curry nor Morehead has refuted in any way: "[O]n the date of the accident I had stopped for a red traffic control signal on New York Avenue; there were several vehicles ahead of me that were stopped; while waiting for the traffic control signal to turn green, I was struck from behind and my vehicle was pushed forward."[4]

On the date of the accident, Morehead was an employee of Southwestern Bell. She had been at work since earlier in the day and, at the time of the accident, was driving, in the course of her employment duties, from one customer to another.[5]

The only factual dispute reflected by the record concerns statements allegedly made by Morehead shortly after the accident. Nugent, in an affidavit dated October 17, 1995, has stated that "at the scene defendant Morehead apologized and said that she saw the light but it did not register to stop."[6] However, Morehead, in an affidavit filed subsequently, has stated that: "to the best of my knowledge and recollection, I did not comment in any way to the Plaintiff on my actions prior to impact. I only recall inquiring into the Plaintiff's physical condition."[7] That factual dispute, however, does not, in this case, stand in the way of plaintiff's claim for summary judgment, as to liability, against Morehead and Southwestern Bell.

No defendant has asserted that plaintiff acted negligently. In answer to an interrogatory posed to Morehead by Nugent asking whether Morehead was contending that plaintiff "acted in such a manner as to cause or contribute to the happening of the casualty," Morehead responded that she could make "no such contention at this time, and she has no facts upon which to base a claim of contributory negligence."[8] Similarly, no party has asserted that Curry, the driver of the second vehicle, acted negligently.

On March 15, 1995, plaintiff, apparently asserting diversity jurisdiction, brought suit in this Court under negligence and vicarious liability theories against Curry, Morehead and Southwestern Bell. On April 17, 1995, without objection by any party, plaintiff dismissed her claims against Curry, without prejudice. On October 17, 1995, plaintiff moved for partial summary judgment as to liability against Morehead and Southwestern Bell. This Court will grant that motion.

## SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine issue of material fact and [when] the moving party is entitled to judgment as a matter of law." Fed.R.Civ. Pro. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); Barwick v. Celotex Corp., 736 F.2d 946, 958 (4th Cir. 1984). The non-moving party is entitled to have "all reasonable inferences ... drawn in its respective favor." Felty v. Graves–Humphreys Co., 818 F.2d 1126, 1129 (4th Cir. 1987). Any party resisting summary judgment must "go beyond the pleadings and by [its] own affidavits, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

## CHOICE OF LAW

In a diversity case, a federal court applies the choice of law rules of the state in which it sits. Klaxon Co. v. Stentor Electric Manufacturing Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). Maryland law follows the rule of lex loci delicti under which a court should apply the substantive tort law of the state where the

3. See Nugent Affidavit at ¶ 2J (referencing deposition of Helen Curry).

4. See Nugent Affidavit at ¶ 2A.

5. See plaintiff's October 17, 1995, filing at 5 (quoting defendant's Answer to Interrogatory No. 14).

6. See Nugent Affidavit at ¶ 2B.

7. See undated affidavit of Katherine Morehead, filed November 1, 1995.

8. See plaintiff's October 17, 1995, filing at 5–6 (quoting defendant's Answer to Interrogatory No. 11).

wrong occurred. *Ward v. Nationwide Mut. Auto. Ins. Co.,* 328 Md. 240, 244 n. 2, 614 A.2d 85 (1992); *Hauch v. Connor,* 295 Md. 120, 123–24, 453 A.2d 1207 (1981). Since the accident at issue occurred in the District of Columbia, this Court will apply D.C. law.[9]

## SUBSTANTIVE LAW

■ As to defendant Southwestern Bell, plaintiff has alleged vicarious liability. To show vicarious liability in the District of Columbia, "the plaintiff must show that a principal-agent relationship existed and that the agent's negligent act occurred within the scope of that relationship." *District of Columbia v. Hampton,* 666 A.2d 30, 38 n. 16 (1995).[10]

■ In this case, Southwestern Bell does not dispute either that a principal-agent relationship existed or that Morehead's actions occurred within the scope of that relationship. Morehead has stated that, on the date of the accident, she was an employee of Southwestern Bell; that she had been at work since earlier that day; and that, at the time of the accident, she was driving from one customer to another. In the light of those undisputed facts, this Court concludes, as a matter of law, that Southwestern Bell is vicariously liable for the actions of Morehead.

■ That brings us to the principal legal issue in this case. Under the law of the District of Columbia:

a collision does not necessarily imply negligence on the rear driver's part, ... and the issue is ordinarily for the jury. Nevertheless, it has been held that in the absence of emergency or unusual conditions, the following driver is negligent if he collides with the forward vehicle. The nature of a rear-end collision is such that it alone may suggest negligence of the driver of the striking vehicle to a degree that she

may be found negligent as a matter of law.... Where a lawfully stopped vehicle is struck by another car from the rear, there is a *rebuttable presumption* that the approaching vehicle was negligently operated.

*Fisher v. Best,* 661 A.2d 1095, 1098–99 (D.C. 1995) (emphasis added; citations omitted). In *Fisher,* the automobile driven by one of the two defendants and registered in the name of the non-driver defendant, her father, struck the automobile driven by one of the plaintiffs, from behind. After a jury verdict for the defendants, the plaintiffs—i.e., the driver and the passengers in the vehicle being operated by him—moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The trial judge granted the motion for a new trial. After the second trial and a verdict for the plaintiffs, the defendants appealed, contending solely that the first trial judge had abused his discretion in granting the new trial. The D.C. Court of Appeals affirmed, in a two-to-one decision, with the dissenting judge stating that he did not agree with the majority that "the facts in the instant case inescapably lead to but one reasonable conclusion." *Id.* at 1100 (quoting from *Akers v. Tomlinson,* 222 A.2d 644, 646 (D.C.1966)).

In the within case, full opportunity for discovery has been afforded to Morehead and Southwestern Bell. Neither has come forward with any explanation whatsoever as to how the accident occurred other than through Morehead's own negligence. Nor has Morehead disputed plaintiff's statement that plaintiff was lawfully and appropriately stopped at a red traffic light at the time of the collision. Further, Morehead has not proffered any evidence to indicate that plaintiff was contributorily negligent. If the type of presumption discussed in *Fisher v. Best* means anything, and when that presumption

9. The District of Columbia has adopted Maryland common law, as it existed in 1801. *See* D.C.Code Ann. § 49–301 (1995). Since that time, however, the District of Columbia has developed its own body of common law. Thus, § 49–301 "was not intended by Congress to freeze the common law at a particular date and act as a bar to the judicial function of revising and enlarging the common law." *United States v. Tucker,* 407 A.2d 1067, 1069 (D.C.1979); ac-

cord *Williams v. United States,* 569 A.2d 97, 100 (D.C.1989). Accordingly, this Court will look to the common law of the District of Columbia, as it has been applied by the D.C. courts.

10. *See also Embrey v. Holly,* 293 Md. 128, 134, 442 A.2d 966 (1982) (outlining similar test in Maryland).

is considered in the light of the Supreme Court's declaration in *Celotex Corp. v. Catrett*, 477 U.S. at 324, 106 S.Ct. at 2553, that a party resisting summary judgment must "go beyond the pleadings and by [its] own affidavits, and admissions on file, designate specific facts showing that there is a genuine issue for trial," Morehead cannot escape having this Court conclude as a matter of law that she was negligent.

*Pazmino v. Washington Metropolitan Transit Authority*, 638 A.2d 677 (D.C.1994), upon which Morehead and Southwestern Bell rely, does not dictate a different result. In *Pazmino*, the plaintiff, a passenger in a bus, was injured when the "trailing," *id.* at 681, bus collided into a car which was attempting to make a U-turn. The plaintiff sued the operator of the bus, and the trial judge directed a verdict in favor of the defendant. The D.C. Court of Appeals, in reversing the court below, wrote that " 'the primary duty to avoid collision as between motorist ahead and the motorist following lies with the motorist behind,' although this principle does not warrant a finding of liability as a matter of law and a duty of care rests of course on both motorists." *Id.* at 679 (quoting from *Price v. Derrickson*, 89 A.2d 231, 232 (D.C. 1952)). That Court also stated that "normally, the negligence of the trailing car colliding with a forward car is essentially a question for the fact finder to determine and not a matter of law." *Id.* The appellate court concluded that the jury could have found that the bus driver was guilty of "a negligent overtaking in violation of the 'primary duty' of the trailing vehicle," *id.* at 680–81, and that "[b]ecause this was not a situation in which the jury could only come to one conclusion, the issue of negligence should not have been taken from the jury at the close of the plaintiff's case." *Id.* at 681 (citations omitted). In the within case, unlike *Pazmino*, summary judgment is sought against the trailing vehicle—the party against whom the

*Fisher* presumption operates. In the view of that presumption, the facts themselves of the within case and the silence in the record of any reason why Morehead failed to stop her car, a reasonable jury could come to only one conclusion, namely, that Morehead was negligent and that her negligence caused the accident.[11]

Accordingly, plaintiff Nugent is hereby awarded partial summary judgment, as to liability, against defendants Morehead and defendant Southwestern Bell.

---

**11.** If Maryland law were applicable, *see* n. 9, *supra*, it would appear to dictate a similar outcome. *See Altenburg v. Sears*, 249 Md. 298, 304, 239 A.2d 569 (1968) (concluding that, in a rear-end collision, "only in exceptional cases, where it is clear ... that reasonable minds would not differ with regard to the facts, will the question of negligence pass from the realm of fact to that

of law"); *Colmes v. Jos. M. Zamoiski Co.*, 16 Md.App. 76, 82, 294 A.2d 120 (1972) ("Where there is nothing to obstruct the vision of a driver, it is negligence not to see what is clearly visible.") (quoting from *Dashiell v. Moore*, 177 Md. 657, 666, 11 A.2d 640 (1940), which in turn quoted from *Huddy on Automobiles*, § 371).