Fessehaye GEBREMDHIN, Appellant,

v.

AVIS RENT–A–CAR SYSTEM,
INC., Appellee.

No. 94–CV–1543.

District of Columbia Court of Appeals.

Argued Sept. 24, 1996.
Decided Feb. 27, 1997.

David P. Sutton, with whom C. Michael Tarone, Washington, DC, was on the brief, for appellant.

D'Ana E. Johnson, Washington, DC, with whom Denise Ramsburg Stanley, Baltimore, MD, was on the brief, for appellee.

Before WAGNER, Chief Judge, and SCHWELB and KING, Associate Judges.

WAGNER, Chief Judge:

Appellant, Fessehaye Gebremdhin, appeals from an adverse judgment on his negligence claim and denial of his motion for a new trial. Gebremdhin brought a suit for damages for personal injuries and property damage he sustained in an automobile accident when his vehicle was rear-ended by Nadine Wersing, who was driving a vehicle owned by appellee, Avis Rent–A–Car System, Inc. (Avis).[1] The jury found in favor of Avis. On appeal, Gebremdhin argues that the trial court erred in

---

1. Wersing could not be served, and Gebremdhin proceeded against Avis alone.

(1) denying his motion for a new trial, (2) instructing the jury on skidding without an evidentiary predicate, and (3) admitting testimony of a previously unidentified expert witness. We conclude that the trial court erred in denying the motion for new trial and in instructing the jury, and reverse for a new trial.[2]

## I.

Gebremdhin was the only eyewitness to the accident to testify at trial. He testified that he was traveling northbound on 14th Street, N.W., and stopped for a traffic light at the intersection of 14th Street and Thomas Circle. While waiting for the traffic light to change, Wersing, driving an Avis vehicle, collided into the back of Gebremdhin's car. The court admitted into evidence as an exhibit Wersing's statement in which she admitted that she crashed into Gebremdhin's vehicle. Wersing explained in her statement how the accident occurred. She stated:

> I was preparing to come to a stop on Thomas Circle, for a traffic light, as I saw that the light was turning red. I thought that the car in front of me would proceed through the intersection and I looked away from his car and slowed down. I was going no more than 10–15 mph when I rear ended the vehicle in front of me, which had stopped for the light.

Metropolitan Police Officer Chad Hambrick, who went to the scene after the accident, testified that it appeared that the Avis car struck Gebremdhin from the rear, that Gebremdhin was taken to Howard University Hospital by ambulance, and that his vehicle was towed away from the scene. Hambrick testified that it was a rainy night and that he observed no skid marks. However, he testified that vehicles can hydroplane on water and not leave skid marks. He also testified that a vehicle can hydroplane while attempting to stop.

Gebremdhin's physician, Dr. Hampton Jackson, testified that Gebremdhin suffered a herniated disk as a result of the accident,

and, in his opinion, would require fusion surgery. Dr. Gladden, who examined Gebremdhin at Avis' request, testified that he found no evidence of a disk herniation or any permanent injury as a result of the accident. However, on cross-examination Dr. Gladden was impeached with his deposition testimony in which he stated that there was a small possibility that Gebremdhin suffered a small disc herniation.

Over objection, Dr. Alvaro Sanchez was called by Avis as a witness. Gebremdhin's counsel represented that, without his knowledge, Gebremdhin's primary care physician had asked Dr. Sanchez to examine Gebremdhin. The defense did not identify Dr. Sanchez as a witness in its pre-trial statement or submit a statement pursuant to Super. Ct. Civ. R. 26(b)(4) concerning his testimony.[3] Gebremdhin's counsel stated that he would have deposed Dr. Sanchez if he had known the defense would call him. Although Gebremdhin had indicated in responses to interrogatories that Dr. Sanchez had examined him, his counsel had no knowledge that the doctor had prepared a report. Apparently concluding that an early afternoon recess would allow Gebremdhin time to obtain additional discovery and to prepare for Dr. Sanchez' testimony and that plaintiff's counsel was aware of Dr. Sanchez' bill, the trial court allowed him to be called.

Dr. Sanchez testified that there was no evidence that Gebremdhin suffered a ruptured disk. He also testified that he routinely makes notes on any communication difficulties with his patients, but that he had not made a note of any difficulty in obtaining a medical history from Gebremdhin, who testified at trial through an interpreter.

## II.

■ Gebremdhin argues that the trial court erred in instructing the jury on skidding. He contends that there was no evidence that the Avis car skidded, and there-

---

2. In light of our disposition of the case, we need not reach Gebremdhin's third argument.

3. Rule 26(b)(4) permits the discovery of facts known and opinions held by experts which have been obtained or developed in anticipation of the litigation.

fore, the instruction was not warranted on the evidence. We agree.

The trial court instructed the jury in relevant part as follows:

> You are instructed that as between drivers of two vehicles proceeding in the same direction, the driver of the following vehicle generally has the primary duty to take steps to avoid [a] rear[-]end collision. However, a collision does not necessarily mean negligence on the part of the following vehicle.

> The fact that an automobile skidded does not mean that the driver was negligent. In order for you to find that the driver of a skidding vehicle was negligent you must be satisfied by a preponderance of the evidence that the skid was induced by a negligent act or omission on the part of the driver of the skidding vehicle.

Gebremdhin objected to the court's instruction on skidding as without evidentiary support. There was no evidence that the Avis car skidded or hydroplaned. While the police officer testified that a vehicle *can* hydroplane in wet weather, there is no evidence that the Avis vehicle did so. The only witness to the accident to testify, Gebremdhin, testified that while stopped at the traffic light, the driver of the Avis vehicle hit the rear of his vehicle. The driver's statement confirmed Gebremdhin's account. Moreover, she did not claim or even intimate that her vehicle had skidded, and there was no physical evidence of skidding.

 Jury instructions must have an evidentiary predicate. *See Jackson v. United States,* 645 A.2d 1099, 1101–02 (D.C.1994). There was none in this case. While the jury may draw reasonable inferences from the evidence presented, it may not base its verdict on guess or speculation. *Johns v. Cottom,* 284 A.2d 50, 53 (D.C.1971); *District of Columbia v. Billingsley,* 667 A.2d 837, 842 (D.C.1995) (citation omitted); *Harris v. Safeway Stores, Inc.,* 329 A.2d 436, 437 (D.C. 1974) (citation omitted). There was no evidence from which the jury could infer properly that the Avis car skidded. Therefore, the court's instruction was not warranted from the evidence and invited the jury to speculate improperly.

 The error was prejudicial as it allowed the jury to find against Gebremdhin on a theory which had no evidence to support it. It also deprived Gebremdhin of the benefit of the rebuttable presumption that "[w]here a lawfully stopped vehicle is struck by another car from the rear, there is a rebuttable presumption that the approaching vehicle was negligently operated." *Fisher v. Best,* 661 A.2d 1095, 1099 (D.C.1995) (citing *Dornton v. Darby,* 373 F.2d 619, 621 (5th Cir.1967)). Although negligence remains essentially a question for the factfinder where rear-end collisions are involved, *Pazmino v. Washington Metro. Area Transit Auth.,* 638 A.2d 677, 679 (D.C.1994) (citations omitted), "when a moving vehicle strikes a stationary object which is not out of its proper place, a *prima facie* case of negligence is established." *Andrews v. Forness,* 272 A.2d 672, 673 (D.C. 1971) (quoting *Haw v. Liberty Mut. Ins. Co.,* 86 U.S.App. D.C. 86, 91, 180 F.2d 18, 23 (1950)) (other citations omitted). In this case, there was no evidence rebutting Gebremdhin's *prima facie* case and no differing versions of the facts for the jury to resolve. Therefore, the court's instruction on skidding was misleading and prejudicial to Gebremdhin's case.

### III.

 Gebremdhin also argues that the trial court erred in denying his motion for a new trial because the evidence did not support the verdict, and the verdict was against the clear weight of the evidence. The trial court has broad latitude in passing upon a motion for new trial. *Fisher, supra,* 661 A.2d at 1098. Its ruling thereon will not be set aside absent an abuse of discretion. *Id.* Trial courts have " 'the power *and* [the] *duty* to grant a new trial if the verdict[ ][is] against the clear weight of the evidence, or if for any reason or combination of reasons justice would miscarry if [the verdict] were allowed to stand.' " *Id.* (quoting *Eastern Air Lines, Inc. v. Union Trust Co.,* 99 U.S.App. D.C. 205, 210, 239 F.2d 25, 30 (1956), *cert. denied,* 353 U.S. 942, 77 S.Ct. 816, 1 L.Ed.2d 760 (1957)). Given the evidence supporting a liability finding against Avis' driver, the ab-

sence of any evidence to rebut Gebremdhin's *prima facie* case on liability, and the instructional error, it would be a miscarriage of justice to deny the new trial motion. *See Fisher,* 661 A.2d at 1099. Therefore, we conclude that the trial court abused its discretion in denying the motion.

For the foregoing reasons, the case is reversed and remanded to the trial court for a new trial.

*Reversed* and *remanded.*