Jeanne Ellen ST. LOUIS, Plaintiff,

v.

**Donald Wayne DAIL and Allstate Insurance Company, Defendants.**

**No. Civ. H–00–3530.**

United States District Court, D. Maryland.

Dec. 28, 2001.

Ronald W. Parker, Parker & Pallett, White Marsh, MD, for Plaintiff.

Steven M. Levine, Law Office of Steven M. Levine, Washington, DC, Patrick G. Cullen, Law Office, Baltimore, MD, for Defendants.

## MEMORANDUM AND ORDER

ALEXANDER HARVEY, II, Senior District Judge.

In this civil action, plaintiff Jeanne E. St. Louis ("St.Louis") is seeking to recover damages for personal injuries sustained by her in an automobile accident. Named as defendants in the amended complaint are Donald Wayne Dail ("Dail") and Allstate Insurance Company ("Allstate"). Diversity jurisdiction exists under 28 U.S.C. § 1332(a).

Plaintiff alleges that while stopped and preparing to make a left turn, she was struck in the rear by the vehicle being then driven by defendant Dail. Plaintiff claims that defendant was negligent in the manner in which he operated his vehicle, and she seeks damages for serious and permanent injuries allegedly suffered by her. Plaintiff had a policy of insurance with Allstate. She asserts that defendant's insurance coverage was minimal, and she seeks a recovery from Allstate under her policy which provided coverage for the liability of an underinsured motorist.

Pursuant to Scheduling Orders entered by the Court, the parties have engaged in discovery. Presently pending in the case

is a motion for partial summary judgment filed by plaintiff. By way of this motion, plaintiff requests that the Court enter summary judgment in her favor on the issue of liability. In support of her motion, plaintiff has submitted a memorandum of law and exhibits, including excerpts from depositions. Defendant Dail has filed an opposition to plaintiff's motion for summary judgment, relying on excerpts from the deposition of plaintiff St. Louis taken on August 20, 2001. Defendant Allstate has joined in this opposition. Recently, plaintiff has filed a reply to the opposition of defendant Dail.

The Court has now had an opportunity to review the pleadings, memoranda and exhibits. No hearing is necessary for a decision on the pending motion. *See* Local Rule 105.6. For the reasons stated herein, plaintiff's motion for partial summary judgment will be granted.

## I

### Background Facts

On May 30, 2000 at approximately 4:30 p.m., plaintiff St. Louis was traveling eastbound on Maryland Route 22 in Harford County. At the time of the accident, plaintiff's car was stopped, and she was preparing to make a left turn into her driveway. Her left turn signal was on. Defendant Dail was also traveling eastbound on Route 22 and was immediately behind plaintiff's vehicle.

It was a sunny day. While stopped and waiting for traffic to go by on the other side, plaintiff heard tires squealing behind her. The vehicle being then operated by defendant Dail struck plaintiff's automobile in the rear and on the right passenger side. Plaintiff's car spun around, and was propelled into the lane of ongoing traffic where she hit a vehicle coming from the other direction.

## II

### Summary Judgment Principles

It is well established that a party moving for summary judgment or partial summary judgment bears the burden of showing the absence of any genuine issue of material fact and that she is entitled to judgment or partial summary judgment as a matter of law. *Barwick v. Celotex Corp.,* 736 F.2d 946, 958 (4th Cir.1984). The movant's burden may be met by consideration of affidavits, exhibits, depositions and other discovery materials. *Id.*

While the facts and all reasonable inferences drawn therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.,* 759 F.2d 355, 364 (4th Cir.1985), when the moving party has carried its burden under Rule 56, F.R.Civ. P., her opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). " 'A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.' " *Barwick,* 736 F.2d at 958–59 (quoting *Seago v. North Carolina Theatres, Inc.,* 42 F.R.D. 627, 640 (E.D.N.C.1966), *aff'd,* 388 F.2d 987 (4th Cir.1967), *cert. denied,* 390 U.S. 959, 88 S.Ct. 1039, 19 L.Ed.2d 1153 (1968)).

Moreover, only disputed issues of *material* fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The Fourth Circuit has stated that, with regard to motions for summary judgment, the dis-

trict courts have "an affirmative obligation ... to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves–Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir.1987) (quoting *Celotex v. Catrett*, 477 U.S. at 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

Applying these principles to the facts of record here, this Court has concluded that plaintiff's motion for partial summary judgment must be granted. Judgment as to liability will be entered in favor of plaintiff St. Louis.

## III

### Discussion

There is no dispute in this case as to the material facts. Proceeding in an easterly direction on Maryland Route 22, plaintiff had stopped her vehicle in front of her house to make a left turn into her driveway. She had been stopped for at least thirty seconds to a minute before she was struck. Her left turn signal was on. Plaintiff was waiting for traffic to go by on either side so that she could make a left turn into her driveway.

Defendant Dail was proceeding in his car in the same easterly direction and was immediately behind plaintiff Dail. He struck plaintiff's vehicle in the rear on the passenger side and forced it into the car being then driven by Gary B. Williams ("Williams") in a westerly direction on Route 22.

■ In opposing plaintiff's motion, defendant contends that the issue of negligence is in dispute and should be submitted to the jury at a trial. The Court must disagree. Defendant does not challenge evidence of record establishing that plaintiff's vehicle was stopped for some thirty seconds to a minute, that her left turn signal was on, that defendant was following her, and that he struck her in the rear,

forcing her into the Williams vehicle. In responding to an interrogatory served on him by counsel for plaintiff, defendant Dail stated that before the accident he had been watching in his rear view mirror a vehicle which was following him, and that, after glancing in his rear view mirror, he looked back at the road in front of him and suddenly saw plaintiff's car stopped in front of him. Although defendant slammed on his brakes and swerved to the right, he could not avoid plaintiff's stopped vehicle.

■ The general rule has been established in Maryland that every automobile driver must exercise toward other drivers on the highways that degree of care which a person of ordinary prudence would exercise under similar circumstances. *Brehm v. Lorenz*, 206 Md. 500, 505, 112 A.2d 475 (1955). Thus, it is the duty of the rear driver to keep a safe distance between vehicles and to keep his machine well in hand so as to avoid doing injury to the machine ahead, so long as the driver in front is proceeding in accordance with his or her rights. *Id.* The duty of the rear driver not to hit the car in front of him "was clearly expressed by *Brehm* ..." *Teufel v. O'Dell*, 123 Md.App. 51, 55, 716 A.2d 1067 (1998).

■ Ordinarily, as it was in *Brehm*, the question as to which of the drivers involved in a rear-end collision neglected to use due care is for the jury to decide. *Altenburg v. Sears*, 249 Md. 298, 304, 239 A.2d 569 (1968). However, in cases where it is clear that reasonable minds would not differ with regard to the facts, the question of negligence passes from the realm of fact to that of law. *Id.* The question presented in the appeal in *Altenburg* arose out of the rear-end collision of an ambulance with an automobile that was stopped at a traffic signal. The Court of Appeals

determined that the ambulance driver was under the circumstances negligent as a matter of law.

Similarly, in *Nugent v. Curry*, 908 F.Supp. 309 (D.Md.1995), Judge Kaufman of this Court granted the plaintiff's motion for partial summary judgment as to liability in a rear-end collision case. Plaintiff Nugent had been stopped for a red traffic light when the vehicle immediately behind her driven by defendant Curry was struck by a vehicle driven by defendant Morehead. The force of that collision caused Curry's vehicle to collide with Nugent's vehicle. *Id.* at 310–11. In his ruling, Judge Kaufman relied on *Fisher v. Best*, 661 A.2d 1095, 1098–99 (D.C.1995), which held that in the absence of emergency or unusual conditions, the following driver is negligent if he collides with the forward vehicle. Although the *Nugent* case was decided under District of Columbia law, Judge Kaufman concluded that the outcome would be similar under Maryland law. *Id.* at 313 n. 11.

Facts of record in this case establish as a matter of law that defendant Dail was negligent in the operation of his vehicle on the day in question. Where, as here, there was nothing to obstruct the vision of Dail, it is negligence for him not to see what was clearly visible. *Colmes v. Jos. M. Zamoiski Co.*, 16 Md.App. 76, 82, 294 A.2d 120 (1972) (quoting from *Dashiell v. Moore*, 177 Md. 657, 666, 11 A.2d 640 (1940)).

In his opposition to the pending motion, defendant Dail notes that plaintiff St. Louis testified in her deposition that she heard defendant say that the sun was blinding him at the time of the accident. However, in his version of the event contained in his answer to plaintiff's Interrogatory No. 12, defendant does not mention that the sun was in any way the cause of the accident. Rather, he stated in that answer that he had been watching in his rear view mirror a vehicle following him and that, when he looked back at the road in front of him after glancing in the rear view mirror, he saw plaintiff's car for the first time and could not avoid hitting "the stopped vehicle." It is apparent from this statement that defendant's inattention was the cause of the accident and constitutes negligence as a matter of law. That Dail may have been concerned about a vehicle following him does not relieve him of his duty to exercise due care in avoiding a collision with the vehicle in front of him.

The facts of record further establish that defendant's negligence was the proximate cause of injuries sustained by plaintiff St. Louis. Summary judgment as to liability will therefore be entered in favor of plaintiff, and a jury trial will be scheduled for a determination of the damages to be awarded to plaintiff for the personal injuries sustained by her.

For the reasons stated, it is this _____ day of December, 2001 by the United States District Court for the District of Maryland,

ORDERED:

1. That plaintiff's motion for partial summary judgment is hereby granted;

2. That judgment as to liability is hereby entered in favor of plaintiff St. Louis against defendant Dail; and

3. That a final pretrial conference is hereby scheduled in this case for *Friday, January 18, 2002* at 4:00 p.m. in chambers.