Angela WARRICK & Mark
Warrick, Appellants,

v.

A.L. WALKER, Appellee.

No. 01–CV–1151.

District of Columbia Court of Appeals.

Submitted Dec. 12, 2002.
Decided Jan. 16, 2003.

Jack A. Gold, Washington, DC, was on the brief, for appellants.

Tina L. Snee, Falls Church, VA, was on the brief, for appellee.

Before FARRELL and WASHINGTON, Associate Judges, and BELSON, Senior Judge.

WASHINGTON, Associate Judge:

In this case, appellants, Angela and Mark Warrick, allege that they were injured as a result of the negligence of appellee, A.L. Walker in operating his taxicab. At the close of appellants' case, the trial court granted a directed verdict in

favor of Mr. Walker's estate [1] finding that the appellants had failed to introduce any evidence of negligence by Walker sufficient to warrant consideration by a jury. For the following reasons, we reverse the trial court's judgment and order a new trial.

## I.

At approximately 9:00 a.m. on the morning of June 29, 1994, Angela Warrick and her son Mark were passengers in the rear seat of a taxicab being driven by Mr. Walker. According to Ms. Warrick, the taxicab was traveling down a slight incline on Military Road when Mr. Walker ran into the back of a truck that was stopped at a red light at the corner of Military Road and 32nd Street. The collision occurred on a roadway that was mostly dry but that had been dampened by rain earlier that morning. Mark Warrick testified that the taxi slammed into the back of the truck and he was thrown through the gap between the two front seats. As a result of the accident, Mark suffered a laceration to the left side of his face and injuries to his neck and back. Ms. Warrick allegedly suffered injuries to her mid and lower back, left thumb, and the toe on her left foot. According to Mr. Walker, in his answer to interrogatories, there was a large truck parked in the lane in which he was traveling. He did not contend that the vehicle was stopped there unlawfully, but asserted that he was on a slight hill and the pavement was wet, his car skidded into the rear of the parked truck.

## II.

■ On a motion for a directed verdict, the record must be viewed in the light most favorable to the non-moving party,

and that party must be given the benefit of all reasonable inferences to be drawn from the evidence. *Scott v. James,* 731 A.2d 399, 403 (D.C.1999). As long as there is some evidence in the record from which jurors could find that the party has met its burden, a trial judge must not grant a directed verdict. *Id.* at 403 (citations omitted). Thus, if there is an evidentiary foundation on which to predicate intelligent deliberation and reach a reliable verdict, a directed verdict is improper. *Id.*

The Warricks contend that the trial court erred in granting Mr. Walker's motion for a directed verdict because Mr. Walker rear-ended a stationary vehicle. They contend that this fact alone is sufficient to establish a *prima facie* case of negligence. For this proposition, appellants primarily rely on our decision in *Fisher v. Best,* 661 A.2d 1095 (D.C.1995), a case in which we recognized that absent emergency or unusual circumstances, where a lawfully stopped vehicle is struck by another car from the rear, there is a "rebuttable presumption" that the approaching vehicle was negligently operated. *Id.* at 1099 (citation omitted). *See also Gebremdhin v. Avis Rent–A–Car Sys., Inc.* 689 A.2d 1202, 1204 (D.C.1997). Mr. Walker, on the other hand, argues that the mere fact of a rear-end accident does not provide a basis for a finding of negligence. For his contention, he relies on our generally recognized jurisprudence that a rear-end collision by itself does not necessarily mean that the driver of the following car was negligent. *See Pazmino v. Washington Metro. Area Transit Auth.,* 638 A.2d 677, 679 (D.C.1994) (quoting *Price v. Derrickson,* 89 A.2d 231, 232 (D.C. 1952)). We agree with appellants that

1. Mr. Walker had died of unrelated causes, and thus the claims were being pressed against his estate.

since no emergency or unusual circumstances tended to explain why the accident occurred here, the rebuttable presumption of negligence was sufficient to preclude a grant of the defendant's motion for a directed verdict at the end of the plaintiffs' case. Therefore, the trial court erred in granting the defendant's motion for a directed verdict.

 The application of a presumption of negligence in cases like this is fairly well-settled. While we had occasion in *Fisher* to discuss the application of the presumption in cases similar to this one, the holding in that case was based on a different set of facts than is present here. In *Fisher*, there was evidence presented that the driver of the following car had looked away just prior to the accident and from the force of the collision it could reasonably be inferred that the following car was speeding. Thus, the holding in that case did not address circumstances similar to those presented here. However, the procedural consequences of the application of a rebuttable presumption are clear. Where a party proves the basic facts giving rise to a presumption, it will have satisfied its burden of proving evidence with regard to the presumed fact and therefore, its adversary's motion for a directed verdict will be denied. *See* JOHN W. STRONG, 2 McCORMICK ON EVIDENCE, § 344 at 460–61 (4th ed. 1992). In a civil case, such a presumption requires that the person against whom the presumption is directed assume the burden of going forward with the evidence, although the burden of persuasion remains with the plaintiff. Thus, the defendant was not put to the task of offering evidence of circumstances that might tend to rebut the presumption.

Drawing all reasonable inferences in favor of the Warricks, the jury here was presented with evidence that the Warricks were injured when the taxicab in which they were riding rear-ended a truck that was lawfully stopped at a red light in broad daylight on a mostly dry roadway. Given these facts, a juror could reasonably conclude at the end of the plaintiffs' case that Mr. Walker failed to use ordinary care to avoid colliding with the truck and thus, was negligent. Because no evidence was presented at trial that unusual circumstances caused Mr. Walker to rear-end the stationary vehicle, such as a bike rider suddenly swerving into his path in the roadway, the trial court erred in taking the case from the jury by directing a verdict for the Walker's estate at the close of the plaintiffs' case.

Accordingly, for the foregoing reasons we reverse the judgment of the trial court and remand the matter for a new trial.

*So ordered.*